[File No. Cr. 207]

STATE OF NORTH DAKOTA, Respondent, v. OEST H. PRINCE, Appellant.

(28 NW2d 538)

Opinion filed July 9, 1947

*Scott Cameron,* for appellant.

*Nels G. Johnson,* Attorney General, *Richard P. Rausch,* Assistant Attorney General, and *George S. Register,* States Attorney, for respondent.

Morris, J. On November 6, 1946, a criminal information was filed in the District Court of Burleigh County, charging that the defendant ". . . did commit the crime of selling intoxicating liquor to a minor, committed in the manner following, to-wit: That at the said time and place the said defendant did then and there wilfully and unlawfully sell intoxicating liquor to a minor (to-wit: to Robert Godfrey, who was then of the age of eighteen years or thereabouts)." On the same day the defendant was arraigned and appearing in person and by counsel, entered a plea of not guilty. On November 30, 1946, the defendant appeared in person and by counsel and withdrew his plea of not guilty and entered a plea of guilty to the crime of selling intoxicating liquor to a minor. On January 6, 1947, the defendant

again being present in court and being represented by counsel, the State's Attorney moved pronouncement of sentence. The Clerk's minutes show that at that time defendant's attorney ". . . objects to the passing of any sentence on the Defendant because, he says, there is no penalty on the matter in the statute as amended, and for that reason says no sentence be pronounced." On January 11, 1947, the court sentenced the defendant to thirty days in the county jail and a fine of $50 and costs taxed at $10. In default of the payment of fine and costs the defendant was ordered committed to jail for an additional thirty days. This appeal is taken from the judgment and sentence thus pronounced.

The defendant specifies the following errors:

"I. The Court erred in pronouncing judgment and sentence on the Defendant in the crime of selling intoxicating liquor to a minor for the reason that the same offense is not a crime and was not a crime at the time of the entry of judgment.

"II. The Court erred in entering judgment and imposing sentence on the Defendant for a term of thirty (30) days in jail and payment of a fine of Fifty Dollars ($50) and costs for the reason that the Court was without authority and jurisdiction to impose said sentence for the reason that there was no penalty provided by law at the time of entry of said judgment."

The first question is whether the information states and the defendant pleaded guilty to a criminal offense under the statutes of North Dakota. At the time of the commission of the alleged offense and the imposition of sentence therefor, Ch 52 Sess Laws ND 1945 provided: "No person shall sell or deliver any beer, alcohol or alcoholic beverages to any person under the age of 21 years, incompetent person, Indian as defined by federal law, or a person who is an inebriate, or habitual drunkard." The statute also repealed §§ 5–0210 and 5–0318, Rev Code ND 1943.*

---

* There is a misprint in Chapter 52, Session Laws ND 1945. Section 2 of that chapter reads as follows:

"Section 2. Repeal. Section 5–0210 and Section 5–0317 of the North Dakota Revised Code of 1943 are hereby repealed."

It is entirely clear that a typographical error was made. It was not intended

The latter section read as follows: "No person shall sell any liquor to a minor, incompetent person, Indian as defined by federal law, or a person who is an inebriate, or habitual drunkard." The important change made by the new statute was the substitution of "any person under the age of 21 years" in place of "a minor."

Section 14–1001, Rev Code ND 1943, defines minors as: "1. Males under twenty-one years of age; and 2. Females under eighteen years of age." The change thus wrought by the statute added to the list of those to whom the sale of alcoholic beverages was forbidden, females between the age of eighteen and twenty-one years.

Under Par 2 of § 29–1110, Rev Code ND 1943, an information is valid and sufficient if it charges the offense in terms of the statute or ". . . in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of the offense which is intended to be charged." The sufficiency of the information was not challenged by a motion to set aside, a motion to quash or a motion in arrest of judgment. The only objection to passing sentence was made orally and upon the ground that no penalty was provided by the statute.

The information in question charges that the defendant sold intoxicating liquor to a minor; that his name was Robert God-

---

to repeal § 5–0317. The matter covered by § 5–0317 is foreign to the subject matter of the legislative enactment embodied in said Ch 52. The intention was that the statute embodied in said Ch 52 should apply to and repeal § 5–0318 of the North Dakota Revised Code of 1943 as stated in the opinion.

Said Ch 52 is predicated upon and supposed to be a correct copy of House Bill No. 147, enacted by the Twenty-Ninth Legislative Assembly which convened January 2nd, 1945. An examination of the original enrolled House Bill No. 147 on file in the office of the Secretary of State shows that Sec. 2 of such bill reads as follows:

"Section 2. Repeal. Section 5–0210 and Section 5–0318 of the North Dakota Revised Code of 1943 are hereby repealed."

The bill as introduced and the entries in the House Journal and the Senate Journal disclose that from its introduction until its final passage and approval the bill made no reference to § 5–0317, but that at all times it purported to apply to and to repeal § 5–0318, of the North Dakota Revised Code of 1943. See House Journal 1945, pgs. 622, 670, 1109, 1110, 1120, 1121; Senate Journal, 1945, pgs. 1098, 1139, 1155, 1156.

frey, and that he was of the age of eighteen years or thereabouts. The sufficiency of this language is challenged for the first time on this appeal. Under these circmustances the wording of the information will be viewed less strictly than if it had been challenged in the court below. See State v. Johnson, 17 ND 554, 118 NW 230; State v. Rhoades, 17 ND 579, 118 NW 233; State v. Anderson, 66 ND 522, 267 NW 121.

When these proceedings are viewed as a whole there can be no question but that the defendant was not misled and that he voluntarily pleaded guilty to the commission of an act forbidden by statute, namely, the sale of alcoholic beverages to a person under twenty-one years of age.

The second specification of error challenges the right of the court to impose the sentence. It is argued that since Ch 52, Sess Laws ND 1945, contains no penalty, none can be imposed by the court. The absence of a penalty provision in the statute in question does not mean that no punishment may be inflicted for its violation.

Section 12–1727, Rev Code ND 1943, provides that: "When the performance of an act is prohibited by any statute and no penalty for the violation of such statute is imposed in any statute, the doing of such act is a misdemeanor."

Section 12–0614, Rev Code ND 1943, provides a general penalty for misdemeanors in the following language: "Except in cases where a different punishment is prescribed by law, every offense declared to be a misdemeanor is punishable by imprisonment in a county jail for not more than one year, or by a fine of not more than five hundred dollars, or by both such fine and imprisonment."

The situation here presented falls squarely within the provisions of these statutes. Ch 52, Sess Laws ND 1945, forbids the sale of alcoholic beverages to persons under twenty-one years of age. It provides no penalty. Section 12–1727, Rev Code ND 1943, declares that the doing of such an act is a misdemeanor. The court sentenced the defendant to thirty days in jail and a fine of $50, which falls within the punishment prescribed by § 12–0614, Rev Code ND 1943. Thus it appears that

the contention of the defendant that no punishment could be imposed by the court is without merit.

The identical question under similar statutes was presented to the Supreme Court of Iowa in State v. York, 131 Iowa 635, 109 NW 122. It was there decided that the general statutory punishment for misdemeanors applied for the violation of an act containing prohibitive language but providing no penalty for the violation thereof. The judgment appealed from is affirmed.

CHRISTIANSON, Ch. J., and BURKE, NUESSLE and BURR, JJ., concur.