1997 ND 15
**STATE of North Dakota, Plaintiff and Appellee,**

v.

**John Wayne ERTELT, Defendant and Appellant.**

**Criminal No. 960285.**

Supreme Court of North Dakota.

Feb. 12, 1997.

John W. Ertelt (argued), Oriska, defendant and appellant pro se.

Robin Huseby, State's Attorney, Valley City, for plaintiff and appellee; submitted on brief.

NEUMANN, Justice.

[¶ 1] John Wayne Ertelt appeals the district court's decision arguing the court committed reversible error by denying his motion to correct his illegal sentence. We affirm.

[¶ 2] On December 20, 1993, Ertelt was convicted of simple assault after repeatedly striking his daughter in the face. Ertelt was fined $100 and ordered to pay court costs, but he did not receive a jail sentence.

[¶ 3] In September 1996, Ertelt brought a motion, under Rule 35, N.D.R.Crim.P., alleging the sentence was illegal. The district court upheld the conviction finding the sentence was appropriate and legal.

[¶ 4] Ertelt appeals the district court's decision. Ertelt argues the court committed reversible error by denying his motion to correct his illegal sentence. He argues parents have the right to impose corporal punishment on their children under N.D.C.C. § 12.1–05–05(1). He further argues his action did not constitute child abuse, relying on this court's recent holdings in *Raboin v. Dep't of Human Services*, 552 N.W.2d 329 (N.D.1996), and *Walton v. Dep't of Human Services*, 552 N.W.2d 336 (N.D.1996).

[¶ 5] Under Rule 35(a), N.D.R.Crim. P., a "sentencing court may correct an illegal sentence at any time . . . ." This rule is applied when the conviction itself is valid, but the sentence is "illegal in form or manner of imposition." Rule 35, N.D.R.Crim.P., Explanatory Note (stating "it is presupposed that the conviction upon which the sentence has been imposed is valid"). "Examples of illegal sentences include: a sentence in excess of a statutory provision or in some other way contrary to an applicable statute, a sentence which fails to conform to the oral pronouncement of the sentence, or a sentence which is ambiguous with respect to the time and manner in which it is to be served." *State v. Trieb*, 516 N.W.2d 287, 292 (N.D. 1994).

[¶ 6] Here, Ertelt challenges the validity of the conviction itself, arguing the sentence is illegal because the underlying conviction is improper. Ertelt cannot collaterally attack the underlying conviction by way of a motion to correct an illegal sentence. *Cf. United States v. Corbitt*, 13 F.3d 207, 210–14 (7th Cir.1993) (providing a summary of the old federal Rule 35(a), F.R.Crim. P., which was very similar to North Dakota's current Rule 35(a), and finding that Rule

35(a) does not allow a party to reopen the case for further factual determination); *Hill v. United States,* 368 U.S. 424, 430, 82 S.Ct. 468, 472–73, 7 L.Ed.2d 417 (1962) (finding Rule 35 is not a vehicle to reopen a final judgment); 3 Charles A. Wright, Federal Practice and Procedure § 582, at 385–86 (1982) (stating Rule 35(a) "is not an appropriate procedure for going outside the record in order to mount a collateral attack" on the underlying judgment of the conviction).

[¶ 7] We affirm the district court's ruling denying Ertelt's motion to correct his illegal sentence.

[¶ 8] VANDE WALLE, C.J., and MARING, MESCHKE, and SANDSTROM, JJ., concur.