2007 ND 113

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Charles Carnell EDWARDS, Defendant and Appellant.**

**No. 20060254.**

Supreme Court of North Dakota.

July 25, 2007.

—————

Thomas H. Falck, Jr., Grand Forks, ND, for plaintiff and appellee. Submitted on brief.

Darla J. Schuman, Grand Forks, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Charles C. Edwards appealed from a district court order revoking his probation and resentencing him to serve the remaining 29 months on his conviction for aggravated assault. Edwards argues the district court erroneously revoked his probation in that case because his term of probation had expired. We reverse and remand for further proceedings.

I

[¶ 2] In August 1998, Edwards pleaded guilty to the offense of aggravated assault. The district court sentenced him to one year of imprisonment with 10 months suspended for four years, and four years of supervised probation. After his initial sentencing on the aggravated assault conviction, Edwards' probation was revoked on that charge four times, in February 2000, July 2002, April 2005, and August 2006. Each time, the district court resentenced Edwards to additional time in prison. The district court also changed the terms of Edwards' probation at several of these resentencings.

[¶ 3] Further complicating the facts in this case, Edwards was also sentenced on convictions for theft of property and bail jumping in February 2000. Edwards was sentenced to terms of imprisonment and supervised probation in each of these cases, to run consecutively with his sentence in the aggravated assault case. After his initial sentencing on these two charges, Edwards' probation was revoked three times, in July 2002, April 2005, and August 2006. Each time, the district court revoked probation and resentenced Edwards on the aggravated assault, theft of property, and bail jumping charges at the same hearing.

[¶ 4] On appeal, Edwards argues the district court erroneously revoked his probation on the aggravated assault case in August 2006 because his term of supervised probation expired on September 22, 2003. The State concedes that an error was apparently made with regard to the aggravated assault case and that Edwards' supervised probation may have expired prior to his resentencing in August 2006. If Edwards and the State are correct, Edwards is entitled to have his illegal sentence corrected, even though revocation of probation and resentencing on the other two charges was not illegal.

[¶ 5] Rule 35(a)(1), N.D.R.Crim. P., provides, "The sentencing court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided for reduction of sentence in Rule 35(b)(1)." A sentence is illegal under Rule 35(a) if it is not authorized by the judgment of conviction. *State v. Raulston*, 2005 ND 212, ¶ 7, 707 N.W.2d 464. We have recognized that an illegal sentence may be contrary to statute, fail to comply with a promise of a plea bargain, or be inconsistent with the oral pronouncement of the sentence. *Id.*

[¶ 6]   In this case, Edwards claims his sentence was illegal because his probation in the aggravated assault case could not be revoked after the term of probation had expired.   The district court has not had the opportunity to rule on the legality of the sentence, and we generally do not decide issues for the first time on appeal. Therefore, we reverse and remand for the purpose of allowing Edwards to make a motion to correct an illegal sentence under N.D.R.Crim.P. 35(a).   If the district court finds that Edwards' resentencing on the aggravated assault charge was illegal, it should issue an order correcting the sentence.

## II

[¶ 7]   We reverse the district court's order and remand for further proceedings.

[¶ 8]   CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.