2016 ND 106

**Lori JURY, Plaintiff and Appellant**

v.

**BARNES COUNTY MUNICIPAL
AIRPORT AUTHORITY,
Defendant and Appellee.**

No. 20150374.

Supreme Court of North Dakota.

June 2, 2016.

Lori Jury (argued), self-represented, Valley City, ND, plaintiff and appellant.

Lisa K. Edison–Smith (argued) and Vanessa L. Anderson (appeared), Fargo, ND, for defendant and appellee.

McEVERS, Justice.

[¶ 1] Lori Jury appeals a district court's order denying her motion to vacate a summary judgment. Jury argues the district court should have provided notice of the summary judgment hearing independent of the notice provided by the Barnes County Municipal Airport Authority ("BCMAA"). Jury also argues the district court should have scheduled a hearing on her motion requesting statutory authority and should not have awarded attorneys' fees. We affirm the district court's order denying Jury's motion to vacate judgment and the summary judgment.

I

[¶ 2] Jury, self-represented, sued the BCMAA after it terminated her at-will employment. From 2007 to 2013, Jury worked as a part-time clerk for the Barnes County Municipal Airport under the direction of its board and its manager. In 2012, Jury applied for the vacant manager position. The BCMAA board of directors did not hire Jury for the manager position and shortly thereafter the BCMAA terminated her, citing a lack of trust. Jury filed a charge with the North Dakota Department of Labor alleging, among other things, that the BCMAA discriminated against her based on her gender. The Department found no probable cause to substantiate Jury's allegations and dismissed her charge. Jury subsequently sued the BCMAA alleging workplace discrimination, wrongful termination, defamation of character, harassment, emotional distress, loss of income, and retaliation.

[¶ 3] During the pendency of the litigation, the district court held five telephonic hearings for status conferences and motions, and issued a notice of hearing for each of the hearings. A discovery dispute arose regarding the disclosure of tax documents. On August 14, 2015, Jury filed a document entitled "Motion Requesting Statutory Authority" requesting the district court to require the BCMAA to pro-

vide the statutory authority under which a district court may compel production of tax documents. Neither party requested oral argument on Jury's motion. Also, on August 14, 2015, the BCMAA moved for summary judgment. The BCMAA served Jury with notice of the hearing on its motion. The notice indicated the date, time, and place of the summary judgment hearing as follows: "PLEASE TAKE FURTHER NOTICE that on September 21, 2015, at 10:00 a.m., or as soon thereafter as counsel may be heard, Defendant will move for the following motion before the Honorable James D. Hovey at the Barnes County Courthouse, 230 4th St. NW, Valley City, North Dakota." Jury concedes she received the BCMAA's notice of the September 21, 2015, hearing. The district court did not provide an independent notice of the summary judgment hearing.

[¶ 4] On September 14, 2015, Jury responded to the BCMAA's motion for summary judgment. In her response, Jury did not allege she received insufficient notice of the summary judgment hearing. Jury argued there were genuine issues of material fact, but submitted no competent admissible evidence to support her argument. On September 16, 2015, the BCMAA responded to Jury's brief and requested reasonable attorneys' fees under N.D.C.C. § 14–02.4–20. On September 21, 2015, the district court held the summary judgment hearing, at which, Jury failed to appear. On October 1, 2015, the district court entered its order for summary judgment dismissing Jury's claims with prejudice, awarding the BCMAA $10,000 in attorneys' fees, plus costs, and dismissing Jury's motion requesting statutory authority as moot.

[¶ 5] Jury moved to vacate the district court's order granting summary judgment under N.D.R.Civ.P. 60(b)(1). Jury argued the district court applied inconsistent notification procedures because it independently noticed five telephonic hearings, but failed to independently notice the summary judgment hearing. Additionally, Jury argued she never received notice of a hearing on her motion requesting statutory authority. While Jury provided no argument or legal authority as a basis to vacate the award of attorneys' fees, her prayer for relief requested that attorneys' fees be denied. The district court found Jury's arguments to be without merit. The district court determined Jury waived oral argument on her motion because neither party requested argument. The district court denied Jury's motion to vacate.

[¶ 6] On January 4, 2016, Jury appealed the "final judgment/order entered on November 5, 2015." On January 19, 2016, the district court entered its final judgment.

II

[¶ 7] Jury appealed the "final judgment/order entered on November 5, 2015." The only documents in the record dated November 5, 2015, are a notice of entry of judgment and a certificate of service. We have previously said, in the interest of justice, "we treat an attempted appeal from the entry of judgment or the notice of entry of judgment as a proper appeal from the previously entered judgment." *Vanderhoof v. Gravel Products, Inc.*, 404 N.W.2d 485, 488 (N.D.1987). Here, the district court entered judgment after the notice of entry of judgment from which Jury appealed. In the interest of justice, we treat Jury's appeal from the notice of entry of judgment as one from the subsequently entered judgment, like we treat improper appeals in other similar contexts. *See Holverson v. Lundberg*, 2015 ND 225, ¶ 7, 869 N.W.2d 146 (treating an attempted appeal from an order

granting summary judgment as an appeal from a subsequently entered consistent judgment).

## A

[¶ 8] Jury argues the district court erred in denying her motion to vacate because she did not receive notice of the summary judgment hearing. Specifically, Jury argues the district court was required to independently notice the summary judgment hearing because it independently noticed five previous telephonic hearings. Jury does not cite any authority or rule on appeal to support her contentions.

[¶ 9] The only rule Jury cited in her motion to vacate the district court's summary judgment was N.D.R.Civ.P. 60(b)(1). Rule 60(b)(1), N.D.R.Civ.P., provides a party may only move for relief from a "final judgment." Jury moved to vacate the district court's order granting summary judgment, which is not a "final judgment" under Rule 60(b). *See Dinger v. Strata Corp.*, 2000 ND 41, ¶ 8, 607 N.W.2d 886 (noting an order for summary judgment is not a final judgment because all orders are subject to revision until final judgment is entered). Nevertheless, the district court considered Jury's motion under Rule 60(b). Because there was a subsequently entered consistent judgment, we will consider Jury's arguments in the context of N.D.R.Civ.P. 60(b). Rule 60(b), N.D.R.Civ.P., provides:

> *(b) Grounds for Relief from a Final Judgment or Order.* On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > . . .
> >
> > (6) any other reason that justifies relief.

A district court's determination on a motion under N.D.R.Civ.P. 60(b) will not be overturned on appeal absent an abuse of discretion. *In re Estate of Cashmore*, 2013 ND 150, ¶ 19, 836 N.W.2d 427. "A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law." *Id.* at ¶ 9.

[¶ 10] The motion for summary judgment filed by the BCMAA was filed under N.D.R.Ct. 3.2. Rule 3.2(a)(1), N.D.R.Ct., provides, "Notice must be served and filed with a motion. The notice must indicate the time of oral argument, or that the motion will be decided on briefs unless oral argument is timely requested." Further, N.D.R.Ct. 3.2(a)(3) provides:

> If any party who has timely served and filed a brief requests oral argument, the request must be granted. A timely request for oral argument must be granted even if the moving party has previously served notice indicating that the motion is to be decided on briefs. The party requesting oral argument must secure a time for the argument and serve notice upon all other parties. Requests for oral argument or the taking of evidence must be made not later than seven days after expiration of the time for filing the answer brief. If the party requesting oral argument fails within 14 days of the request to secure a time for the argument, the request is waived and the matter is considered submitted for decision on the briefs . . . .

[¶ 11] The district court articulated its rationale for denying Jury's motion to vacate the summary judgment:

> Plaintiff requests relief under Rule 60(b) of the North Dakota Rules of Civil Procedure, alleging mistake, inadver-

tence, surprise, or excusable neglect. The essence of the plaintiff's motion is that she was not served "proper" notice of the date and time of the hearing. Plaintiff alleges that since prior hearing notices had been sent to the parties from the Court, that the current notice of motion sent by the defendant was improper. Plaintiff fails to direct the Court to any rule or case in support of her contention. She acknowledges receipt of the hearing notice from the defendant setting the date and time for the hearing. The plaintiff did not inquire with the Clerk of Court or the Court about the date and time for hearing in the defendant's notice. Plaintiff simply presumed, incorrectly, that a second notice of the hearing would be provided to her by the Court.

. . .

At a hearing on August 10, 2015, the parties and the Court discussed September 21, 2015, as a date for hearing oral argument on defendant's motion for summary judgment, which the defendant anticipated filing. The Court confirmed that that date and time was available for oral argument. No objections were made by the plaintiff.

Lastly, the plaintiff filed and served a brief in response to defendant's motion for summary judgment, which was considered by the Court before making its findings, conclusions, and order. Based on the plaintiff's failure to provide any competent admissible evidence with her response to the motion for summary judgment, the Court does not see how any amount of oral argument could possibly have changed the outcome of the hearing.

[¶ 12] Jury cites no authority, nor have we found any, supporting her contention that "a precedent was established" binding the district court to inde-

pendently notice the summary judgment hearing, already noticed by the BCMAA, because the court previously independently issued five notices of telephonic hearings. " 'The parties have the primary duty to bring to the court's attention the proper rules of law applicable to a case.' " *State v. Noack*, 2007 ND 82, ¶ 8, 732 N.W.2d 389 (quoting *State v. Goulet*, 1999 ND 80, ¶ 10, 593 N.W.2d 345). We have said "we are not ferrets and we will not consider an argument that is not adequately articulated, supported, and briefed." *Noack*, 2007 ND 82, ¶ 8, 732 N.W.2d 389 (quotation marks omitted). Jury's argument that the district court should have independently noticed the hearing on the summary judgment motion is without merit.

[¶ 13] Jury argues she did not willfully disrespect court procedures by not appearing and should be granted relief based on excusable neglect. Jury conceded she received notice of the summary judgment hearing from the BCMAA. Indeed, she filed responsive briefing that the district court considered in rendering its decision. Moreover, Jury imprudently failed to inquire or verify whether a hearing was scheduled with the district court clerk of court. Jury's decision to disregard the BCMAA's notice was at her own peril. *See Royal Indus., Inc. v. Haugen*, 409 N.W.2d 636, 638 (N.D.1987) (holding a disregard of legal process is not excusable neglect under Rule 60(b)); *Industrial Comm'n of North Dakota v. Wolf*, 1999 ND APP 2, ¶ 6, 588 N.W.2d 590 (holding a Rule 60(b) motion does not "relieve a party from free, calculated, and deliberate choices").

[¶ 14] Jury also cites her status as a self-represented litigant as justification for failing to abide by procedural rules. However, "a pro se litigant is not granted leniency solely because of his status as such." *Christofferson v. N.D. Dept.*

*of Health,* 2007 ND 199, ¶ 16, 742 N.W.2d 799 (quoting *State v. Hilgers,* 2004 ND 160, ¶ 19, 685 N.W.2d 109). "A person acting as his own attorney is equally bound by applicable rules of procedure, even if he lacks understanding of those rules or the correct procedures." *Sandbeck v. Rockwell,* 524 N.W.2d 846, 851 (N.D.1994).

B

[¶ 15] While citing no authority to support her argument, Jury argues the district court erred by failing to schedule a hearing on her motion requesting statutory authority for an earlier order compelling her to disclose her spouse's tax returns. In its order denying Jury's motion to vacate, the district court addressed Jury's motion requesting statutory authority:

> Plaintiff also asks the Court to vacate its order denying her motion for statutory authority. Plaintiff had filed her motion for statutory authority and failed to request any oral argument on the motion. The Court's grant of summary [ ] judgment in favor of the defendant rendered that motion moot.

[¶ 16] Because Jury failed to comply with the requirements of N.D.R.Ct. 3.2 by failing to request oral argument on her motion, she waived her right to a hearing. *See* N.D.R.Ct. 3.2(a)(1) (providing "the motion will be decided on briefs unless oral argument is timely requested"). Additionally, we agree with the district court's granting of summary judgment rendered Jury's motion moot because she was no longer compelled to provide her spouse's income tax returns, leaving no actual controversy for determination. *See Ramsey Financial Corp. v. Haugland,* 2006 ND 167, ¶ 8, 719 N.W.2d 346 ("An actual controversy no longer exists when ... the occurrence of related events [ ] make it impossible for a court to grant effective relief").

[¶ 17] We conclude the district court did not abuse its discretion in denying Jury's motion to vacate the order denying the motion for statutory authority.

C

[¶ 18] While not listed in her statement of issues on appeal, construing Jury's arguments in her brief liberally, she contends the district court erred in awarding the BCMAA $10,000 in attorneys' fees.

[¶ 19] The BCMAA requested attorneys' fees under N.D.C.C. § 14–02.4–20, which provides in relevant part:

> In any action or proceeding under this chapter, the court may grant the prevailing party a reasonable attorney's fee as part of the costs. If the court finds that the complainant's allegation of a discriminatory practice is false and not made in good faith, the court shall order the complainant to pay court costs and reasonable attorney's fees incurred by the respondent in responding to the allegation.

"The district court is considered an expert in determining an award of attorney fees, and its decision concerning the amount and reasonableness of attorney fees will not be overturned on appeal absent a clear abuse of discretion." *Ritter, Laber & Assoc., Inc. v. Koch Oil, Inc.,* 2007 ND 163, ¶ 28, 740 N.W.2d 67. "[A] trial court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law." *Id.*

[¶ 20] The BCMAA requested attorneys' fees of $93,765 as the prevailing party and based on Jury's bad faith by refusing to obey judicial orders and filing

meritless motions. The district court found the BCMAA to be the prevailing party. In addition, the district court concluded Jury's repeated failures to timely cooperate in discovery, bringing meritless motions, and disregarding court orders merited a substantial award of attorneys' fees, and awarded the BCMAA $10,000 in attorneys' fees.

 [¶ 21] The only argument forwarded by Jury in dispute of the attorneys' fees award on appeal was that, during the course of litigation, she made offers of settlement which were rejected by the BCMAA. The argument was not raised in the district court. Arguments not previously raised will not be considered for the first time on appeal. *Risovi v. Job Service*, 2014 ND 60, ¶ 12, 845 N.W.2d 15. As such, Jury has not convinced us that the district court abused its discretion in awarding attorneys' fees.

### III

[¶ 22] We affirm the district court's order denying Jury's motion to vacate judgment and the summary judgment.

[¶ 23] GERALD W. VANDE WALLE, C.J., WADE L. WEBB, D.J., DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.

[¶ 24] The Honorable WADE L. WEBB, D.J., sitting in place of KAPSNER, J., disqualified.