2017 ND 108

**STATE of North Dakota, Plaintiff and Appellee**

v.

**David B. GRAY, Defendant and Appellant**

**No. 20160289**

Supreme Court of North Dakota.

Filed 4/25/2017

Rehearing Denied 5/16/2017

Ryan A. Keefe, Assistant State's Attorney, Burleigh County Courthouse, 514 E. Thayer Ave., Bismarck, ND 58501, for plaintiff and appellee; on brief.

David B. Gray, self-represented, 3800 93rd Street SE, Bismarck, ND 58504, defendant and appellant; on brief.

McEvers, Justice.

[¶ 1] David Gray appeals from a judgment entered after a jury found him guilty of disorderly conduct under N.D.C.C. § 12.1–31–01(1)(h). Gray, self-represented, argues the district court erred by not ruling on his motions to dismiss; N.D.C.C. § 12.1–31–01 should not apply because he was engaged in a constitutionally-protected activity; the complaint against him was "illegal;" N.D.C.C. § 12.1–31–01 is unconstitutional for vagueness; there is insufficient evidence to uphold the jury verdict; and the district court erred in denying his motion to correct an illegal sentence. We affirm the judgment.

I

[¶ 2] The State charged Gray with disorderly conduct under N.D.C.C. § 12.1–31–01(1)(h) for engaging in "harassing conduct by means of intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person." The State filed an affidavit from a Burleigh County deputy containing the facts and circumstances surrounding Gray's disorderly conduct charge with the complaint.

[¶ 3] According to the affidavit, on September 12, 2015, a Burleigh County deputy responded to a report of possible harassment at Ronda and Terry Berg's residence. The Bergs informed the deputy they observed their neighbor, Gray, on numerous occasions trying to look into the Bergs' residence with binoculars, and they showed the deputy pictures of Gray stand-

ing on the property line watching their home. The Bergs informed the deputy they were afraid in their home based on Gray's actions. Ronda Berg informed the deputy that she has to "constantly keep her shades closed, and that she is afraid to go outside her own home." The deputy spoke to Gray about these issues. Gray became upset with the deputy and started yelling at him. Gray admitted to watching the Bergs' windows with binoculars claiming he did so because he was afraid that someone in the Bergs' home would try to shoot him. Gray told the deputy he needs "boots on the ground so they don't overrun my territory." The deputy told Gray that the issues with the Bergs needed to stop. Gray replied "[n]o, it's going to continue."

[¶ 4] Trial was scheduled for July 26, 2016. Gray filed two motions to dismiss the morning of trial. In his motions, Gray argued the complaint was "illegal" and he raised affirmative defenses to the disorderly conduct charge, including that N.D.C.C. § 12.1–31–01 should not apply because he was engaged in a constitutionally-protected activity under N.D.C.C. § 12.1–31–01(2). The record on appeal does not contain the district court's ruling on the motions to dismiss, because Gray did not file a transcript. A jury convicted Gray of disorderly conduct. After trial, Gray moved to correct an illegal sentence under N.D.R.Crim.P. 35. Gray made a litany of arguments including the complaint was "not a legal complaint," the State violated his Sixth Amendment right "to be informed of the nature and cause of the accusation," and N.D.C.C. § 12.1–31–01 should not apply because he was engaged in a constitutionally-protected activity under N.D.C.C. § 12.1–31–01(2). The district court denied Gray's Rule 35 motion, concluding "the Court finds the defendant's motion to be frivolous and meritless." Gray appeals.

## II

[¶ 5] Gray argues the district court erred in failing to rule on his motions to dismiss filed July 26, 2016, the day of trial. Gray moved to dismiss, raising several defenses to the disorderly conduct charge, including that N.D.C.C. § 12.1–31–01 should not apply because he was engaged in a constitutionally-protected activity under N.D.C.C. § 12.1–31–01(2). Gray also argued there was a defect in the prosecution, and the complaint against him was "illegal," for failure to comply with N.D.R.Crim.P. 3.

[¶ 6] In reviewing a district court's ruling on a motion to dismiss, we "defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance." State v. Zink, 2010 ND 230, ¶ 5, 791 N.W.2d 161. "We affirm the district court's decision unless we conclude there is insufficient competent evidence to support the decision, or unless the decision goes against the manifest weight of the evidence." Id. This Court's review is limited to only those issues raised to the district court. Id.

[¶ 7] In both his motion to dismiss and on appeal to this Court, Gray argues the complaint did not comply with N.D.R.Crim.P. 3 because it did not contain a statement of facts that establish the elements of the crime charged. We addressed a similar argument in State v. Bornhoeft, in which we concluded an "affidavit can be read with the complaint to test the sufficiency of the complaint on a motion to dismiss." 2009 ND 138, ¶ 8, 770 N.W.2d 270.

According to Rule 3(a) & 3(b) of the North Dakota Rules of Criminal Procedure, a "complaint is a written statement of the essential facts constituting the elements of the offense charged," and the "magistrate may ... receive any

affidavit filed with the complaint." A similar provision allowing for consideration of an affidavit filed with a complaint is found in N.D.R.Crim.P. 4(a)(1), providing, "[i]f it appears from the complaint, and any affidavit filed with the complaint, that there is probable cause to believe that a criminal offense has been committed . . . the magistrate must issue an arrest warrant." The affidavit can thus be read with the complaint to determine whether there is probable cause to believe that a criminal offense has been committed, and it follows that the affidavit can be read with the complaint to test the sufficiency of the complaint on a motion to dismiss as well. Bornhoeft, 2009 ND 138, ¶ 8, 770 N.W.2d 270 (emphasis in original).

[¶ 8] The purpose of a criminal complaint is to fairly inform the defendant of the charge in order to prepare his defenses. State v. Jelliff, 251 N.W.2d 1, 5 (N.D. 1977); City of Minot v. Bjelland, 452 N.W.2d 348, 351 (N.D. 1990). Criminal complaints phrased in statutory language have been held sufficient. Jelliff, at 5 (citing State v. Prince, 75 N.D. 386, 28 N.W.2d 538 (1947)). While an affidavit is not part of the complaint and does not itself charge an offense, this Court has held an information, a charging document similar to a complaint, is sufficient when an affidavit was filed with it in which facts were stated showing the commission of the offense charged. Jelliff, at 5 (citing State v. Lesh, 27 N.D. 165, 145 N.W. 829 (1914)).

[¶ 9] Regarding the sufficiency of the complaint, the State filed the Burleigh County deputy's affidavit containing the facts and circumstances surrounding Gray's disorderly conduct charge with the complaint. Gray has not provided a record to show he argued the affidavit does not contain sufficient facts to support the complaint.

[¶ 10] The limited record on appeal does not contain the district court's ruling on Gray's motions to dismiss, let alone its rationale. On this limited record, we do not know the basis of the district court's decision. We do know that Gray's claims in his motion to dismiss related to affirmative defenses, a defect in the prosecution, and a defect in the complaint. These arguments must be raised by pretrial motion. N.D.R.Crim.P. 12(b)(1), (3)(A) and (B). Under N.D.R.Crim.P. 12(c)(1), "[t]he court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions and may also schedule a motion hearing." If a party does not meet the deadline established for filing pretrial motions, "the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." N.D.R.Crim.P. 12(c)(3).

[¶ 11] On January 13, 2016, the district court issued a scheduling order setting the deadline for filing pretrial motions "43 days from the date of this order." Gray did not file his motions to dismiss until July 26, 2016, well outside the forty-three day deadline the district court established in its scheduling order. Gray did not argue good cause for filing his motions outside the forty-three day deadline. Based on the record, it appears Gray's motions were untimely; however, we are unable to determine how the district court ruled on Gray's motions because he failed to provide this Court with a trial transcript.

[¶ 12] "A pro se litigant is not granted leniency solely because of his status as such. A person acting as his own attorney is equally bound by applicable rules of procedure, even if he lacks understanding of those rules or the correct procedures." Jury v. Barnes Cnty. Mun. Airport Authority, 2016 ND 106, ¶ 14, 881 N.W.2d 10 (quotations omitted) (citations omitted). " 'The appellant assumes the con-

sequences and the risk for the failure to file a complete transcript.'" State v. Cook, 2014 ND 18, ¶ 4, 843 N.W.2d 1 (quoting City of Fargo v. Bommersbach, 511 N.W.2d 563, 566 (N.D. 1994)). "'[W]e will decline to review an issue if the record on appeal does not allow a meaningful and intelligent review of the trial court's alleged error.'" Klose v. State, 2005 ND 192, ¶ 13, 705 N.W.2d 809 (quoting Flattum–Riemers v. Flattum–Riemers, 2003 ND 70, ¶ 8, 660 N.W.2d 558; State v. Hilgers, 2004 ND 160, ¶ 19, 685 N.W.2d 109). Based on this limited record on appeal, it is impossible for this Court to conduct a meaningful and intelligent review of the district court's alleged errors, and we decline to further review for any alleged error.

### III

[¶ 13] Gray argues N.D.C.C. § 12.1–21–01 is unconstitutional for "vagueness." He makes this argument for the first time on appeal. It is well-established that "'issues which are not raised before the district court, including constitutional issues, will not be considered for the first time on appeal.'" State v. Kieper, 2008 ND 65, ¶ 16, 747 N.W.2d 497 (quoting State v. Blumler, 458 N.W.2d 300, 303 (N.D. 1990)).

[¶ 14] Furthermore, Gray provided little authority to support his constitutional claim that N.D.C.C. § 12.1–21–01 is unconstitutional. This Court has said:

[A] party waives an issue by not providing supporting argument and, without supportive reasoning or citations to relevant authorities, an argument is without merit. Absent authority and a reasoned analysis to support it, the mere assertion of unconstitutionality is insufficient to adequately raise a constitutional question. Courts cannot be expected to search through the record and applicable case law to discover deprivations of a

constitutional magnitude when the party attempting to claim a constitutional violation has not bothered to do so. A party pursuing a constitutional claim must therefore make a strong case supported by both fact and law or forgo the claim. Weeks v. North Dakota Workforce Safety & Ins. Fund, 2011 ND 188, ¶ 8, 803 N.W.2d 601 (quotation marks omitted) (citations omitted) (emphasis in original). Here, Gray's argument "is hardly the 'heavy artillery' necessary for us to find a law unconstitutional." Gray v. Berg, 2016 ND 82, ¶ 13, 878 N.W.2d 79 (quoting Spring Creek Ranch, LLC v. Svenberg, 1999 ND 113, ¶ 21, 595 N.W.2d 323). Therefore, we decline to address Gray's constitutional challenge.

### IV

[¶ 15] Gray argues there is insufficient evidence to uphold the jury's guilty verdict. "Our review of the sufficiency of the evidence for a jury verdict is limited." State v. Vetter, 2013 ND 4, ¶ 17, 826 N.W.2d 334. Our standard of review on an appeal based on sufficiency of the evidence is well established:

"We look only to the evidence and reasonable inferences most favorable to the verdict to ascertain if there is substantial evidence to warrant the conviction. A conviction rests upon insufficient evidence only when, after reviewing the evidence in the light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor, no rational fact finder could find the defendant guilty beyond a reasonable doubt. In considering a sufficiency of the evidence claim, we do not weigh conflicting evidence, or judge the credibility of witnesses."

Id. (quoting State v. O'Toole, 2009 ND 174, ¶ 8, 773 N.W.2d 201). To preserve a suffi-

ciency of the evidence challenge to appeal from a jury verdict a defendant must move for acquittal under N.D.R.Crim.P. 29. City of Grand Forks v. Dohman, 552 N.W.2d 66, 67 (N.D. 1996).

[¶ 16] Gray failed to file a trial transcript on appeal. As previously noted, if the record on appeal does not allow a meaningful and intelligent review of the trial court's alleged error, we will decline to review it. Klose, 2005 ND 192, ¶ 13, 705 N.W.2d 809; Hilgers, 2004 ND 160, ¶ 19, 685 N.W.2d 109. Without a trial transcript, it is impossible for this Court to conduct a meaningful and intelligent review whether Gray preserved this issue for appeal or whether there is sufficient evidence to uphold the jury verdict against Gray, and we decline to do so.

## V

[¶ 17] Gray challenges the district court's order denying his motion to correct an illegal sentence. This Court previously outlined the procedure for bringing a motion to correct an illegal sentence under N.D.R.Crim.P. 35:

> Rule 35(a)(1), N.D.R.Crim.P., provides, "The sentencing court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided for reduction of sentence in Rule 35(b)(1)." A sentence is illegal under Rule 35(a) if it is not authorized by the judgment of conviction. State v. Raulston, 2005 ND 212, ¶ 7, 707 N.W.2d 464. We have recognized that an illegal sentence may be contrary to statute, fail to comply with a promise of a plea bargain, or be inconsistent with the oral pronouncement of the sentence. Id.

State v. Edwards, 2007 ND 113, ¶ 5, 736 N.W.2d 449. However, a defendant "cannot collaterally attack the underlying conviction by way of a motion to correct an illegal sentence." State v. Ertelt, 1997 ND 15, ¶ 6, 558 N.W.2d 860; see also Hill v. United States, 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (Rule 35 is not a vehicle to reopen a final judgment).

[¶ 18] Here, Gray essentially challenges the validity of the conviction itself in his motion to correct an illegal sentence. He argues the underlying conviction is improper. Gray does not argue the sentence is contrary to statute, it fails to comply with a promise of a plea bargain, or it is inconsistent with the oral pronouncement of the sentence. Because Gray attempted to reopen a final judgment with this motion, we affirm the district court's order denying his motion to correct an illegal sentence.

## VI

[¶ 19] We have considered the remaining issues and arguments raised by Gray and find them to be either unnecessary to our decision or without merit. We affirm the district court's judgment.

[¶ 20] Lisa Fair McEvers

Daniel J. Crothers

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

Tufte, Justice, concurring.

[¶ 21] I concur in the majority's opinion except as to paragraphs 7 through 9.

[¶ 22] I respectfully disagree with the majority's analysis of what are the minimum requirements for a criminal complaint. On appeal, Gray asserts that the complaint in this matter was not in compliance with N.D.R.Crim.P. 3, arguing that "it does not state any facts" and "it is not sufficient to set forth the offense in the words of the statute." I would conclude that the complaint by which Gray was

charged does not meet even the low bar set by Rules 3 and 4, N.D.R.Crim.P., but as presented here the error is harmless.

[¶ 23] Gray was charged with disorderly conduct in violation of N.D.C.C. § 12.1–31–01(1)(h), which provides:

An individual is guilty of a class B misdemeanor if, with intent to harass, annoy, or alarm another person or in reckless disregard of the fact that another person is harassed, annoyed, or alarmed by the individual's behavior, the individual:

. . .

(h)  Engages in harassing conduct by means of intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person.

In its entirety, the body of the complaint reads as follows:

The undersigned complainant, being first duly sworn, says that on or about the 12th day of September, 2015, in said county, the above named defendant, David Brian Gray, did commit the crime of Disorderly Conduct, committed as follows:

The defendant, with intent to harass, annoy, or alarm another person or in reckless disregard of the fact that another person is harassed, annoyed, or alarmed by the defendant's behavior, the defendant engaged in harassing conduct by means of intrusive or unwanted acts, words, or gestures that were intended to adversely affect the safety, security, or privacy of another person; specifically, the defendant engaged in such behavior towards Ronda Berg and Terry Berg;

N.D.C.C. 12.1–31–01(1)(h)

12.1–32–01 (6)  CLASS B MISDE-MEANOR

this contrary to the statute in such cases made and provided and against the peace and dignity of the State of North Dakota.

WHEREFORE, Complainant prays that the Defendant, David Brian Gray, may be arrested and dealt with according to law.

[¶ 24] "The complaint is a written statement of the essential facts constituting the elements of the offense charged." N.D.R.Crim.P. 3(a). The complaint itself must state "the essential facts"—that is what Rule 3 says the complaint *is*. If the complaint is a sworn complaint, it may by itself be sufficient without an affidavit to confirm probable cause for an arrest. State v. Stuart, 544 N.W.2d 158, 160 (N.D. 1996) (analyzing Rule 3(a) to allow but not require sworn testimony or an affidavit in support of a complaint). The complaint must state the facts constituting the offense, and the affidavit, if any, may provide additional support to reach probable cause for issuance of an arrest warrant. "Our rules of procedure require neither an affidavit nor sworn testimony with a sworn complaint, although the magistrate may receive both to help confirm probable cause for the arrest." Id. The record here and in numerous other criminal appeals shows that probable cause affidavits are frequently lengthy and in many counties are simply a police report attached to an officer's affidavit confirming the report's accuracy.

[¶ 25] The majority relies on State v. Bornhoeft, 2009 ND 138, 770 N.W.2d 270, for the principle that an "affidavit can be read with the complaint to test the sufficiency of the complaint on a motion to dismiss." Majority, at ¶ 7. An affidavit filed with a complaint may be read with the complaint to determine if there is probable cause to believe an offense has been committed. That an affidavit might supply ad-

ditional facts in support of probable cause does not change Rule 3's requirement that the complaint itself contain a statement of "the essential facts" of the offense.

[¶ 26] Like Gray, Bornhoeft was also charged with disorderly conduct. Bornhoeft, 2009 ND 138, ¶ 3, 770 N.W.2d 270. The Bornhoeft complaint "contained a 'to-wit' statement referencing Bornhoeft's yelling of profanities at the deputy." Id. at ¶ 10 (footnoted omitted). The specific facts alleged in the complaint charging Bornhoeft included "yelling of profanities at the deputy." Id. The additional facts supplied by the affidavit that lent context to the essential facts alleged in the complaint were that the yelling incident occurred on a residential street at night while Bornhoeft was pointing at the deputy who was about five feet away. Id. at ¶ 13.

[¶ 27] The complaint here simply recited the language of the statute defining the disorderly conduct offense and concluded with "the defendant engaged in such behavior towards Ronda Berg and Terry Berg." Considering the broad range of conduct potentially within the scope of "intrusive or unwanted acts, words, or gestures that were intended to adversely affect the safety, security, or privacy of another person," it is not enough under Rule 3 for the State to allege a date and victim and say "such behavior" occurred.

[¶ 28] Ultimately, as the majority concludes, Gray's claim fails because this argument must be raised by pretrial motion. The district court had set a motion deadline and Gray's motion was not timely. If this defective complaint left Gray uncertain as to what facts supported the State's charge, he could have filed a N.D.R.Crim.P. 7(f) motion requesting a bill of particulars. See Bornhoeft, 2009 ND 138, ¶ 12, 770 N.W.2d 270. For these reasons and because a complaint can be amended at any time prior to verdict ab-

sent a showing defendant's substantial rights would be prejudiced, I conclude the defect in the complaint is harmless error.

[¶ 29] Jerod E. Tufte