# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

---

2018 ND 269

---

State of North Dakota,                                        Plaintiff and Appellee

  v.

Dalyn James Vollrath
a.k.a. Dylan James Vollrath,                                  Defendant and Appellant

---

No. 20180161

---

Appeal from the District Court of Pembina County, Northeast Judicial District, the Honorable John A. Thelen, Judge.

VACATED.

Opinion of the Court by Tufte, Justice.

Britta K. Demello Rice, Assistant Attorney General, Bismarck, N.D., for plaintiff and appellee.

Mark A. Friese, Fargo, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]    Dalyn James Vollrath appeals from a district court order requiring him to pay Pembina County $5,000 for guardian ad litem fees. Because the order was issued after the conviction was final and the issue was not preserved, the district court lacked jurisdiction to amend the sentence. We vacate the order requiring payment of guardian ad litem fees.

I

[¶2]    Vollrath was charged with one count of child abuse under N.D.C.C. § 14-09-22. He moved the district court for appointment of a guardian ad litem to protect the best interests of the minor child. The district court appointed a guardian ad litem in May 2017, stating the guardian ad litem's fees would be "subject to future reimbursement considerations." On September 29, 2017, Vollrath pled guilty to one count of child neglect under § 14-09-22.1. The court entered an Order Deferring Imposition of Sentence ("DIS Order") on October 4, 2017. Pembina County sent the district court a letter on November 21, 2017, requesting reimbursement for the guardian ad litem fees. On December 8, 2017, the court entered a Reimbursement Order requiring Vollrath to pay Pembina County $5,000 as reimbursement of the guardian ad litem fees paid by the County.

[¶3]    Vollrath filed a motion to vacate the Reimbursement Order on December 13, 2017. On March 8, 2018, the court stated the Reimbursement Order "does not constitute restitution, reparation or reimbursement of indigent defense costs and expenses," and declined to hold a hearing on the motion to vacate but invited supplemental arguments in writing. Both Vollrath and the State submitted supplemental arguments. By order dated April 19, 2018, the court denied Vollrath's request for relief. Vollrath timely appealed that order.

II

[¶4]    Vollrath argues, among other things, the district court acted beyond its jurisdiction when it ordered reimbursement. After jurisdiction is initially invoked, a district court continues to possess jurisdiction "until all issues before the court have been finally determined," particularly when the court "expressly indicates its intention to rule later on a particular matter." *J.S.S. v. P.M.Z.*, 429 N.W.2d 425, 428 (N.D. 1988). Once a judgment is final, the district court generally "loses jurisdiction to alter, amend, or modify that judgment." *State v. Meier*, 440 N.W.2d 700, 702 (N.D. 1989). At the point of finality, "any attempt by the trial court to amend or modify a final judgment is void unless it is made upon grounds provided by statute or by the Rules of Criminal Procedure for correcting or amending a judgment." *Id.* A judgment of conviction is considered final and appealable. N.D.C.C. § 29-28-06; *State v. Berger*, 2004 ND 151, ¶ 8, 683 N.W.2d 897.

[¶5]    A criminal matter is final when no appeal is taken before the time for appeal expires. *Morel v. State*, 2018 ND 141, ¶ 10, 912 N.W.2d 299. The defendant may appeal from, among other events not relevant here, a "final judgment of conviction" or an "order made after judgment affecting any substantial right of the party." N.D.C.C. § 29-28-06. Because the district court deferred imposition of sentence, no criminal judgment was entered in this case. "Where no separate judgment of conviction has been entered and the order deferring imposition of sentence complies with the requirements of N.D.R.Crim.P. 32(b) for criminal judgments, the order serves as the judgment of conviction and is appealable." *Berger*, 2004 ND 151, ¶ 8, 683 N.W.2d 897; *see also State v. Kottenbroch*, 319 N.W.2d 465, 471-72 n.3 (N.D. 1982) (holding an order deferring imposition of sentence is appealable); *State v. Himmerick*, 499 N.W.2d 568, 570-71 (N.D. 1993) (same); *State v. Trosen*, 547 N.W.2d 735, 737 n.1 (N.D. 1996) (same); *State v. Bernstein*, 2005 ND App 6, ¶¶ 8-9, 697 N.W.2d 371 (same). Therefore, entry of the DIS Order began the period during which an appeal could have been taken.

[¶6]    A criminal action is considered "pending" from its commencement to its "final determination upon appeal or until the time for appeal has passed." *State v. Prince*,

2

66 N.W.2d 796, 799 (N.D. 1954). A criminal appeal may be filed for thirty days after the entry of the order being appealed. N.D.R.App.P. 4(b)(1)(A). The DIS Order was entered on October 4, 2017. It was amended on October 6, 2017, to correct a citation from "§ 14-09-22" to "§ 14-09-22.1." The order was final before the district court entered the Reimbursement Order more than sixty days later on December 8, 2017. The DIS Order contained no reference to reimbursement, restitution, or reparation to the County for guardian ad litem fees. The DIS Order also makes no mention of holding open jurisdiction or of any other future actions. *See State v. Hatlewick*, 2005 ND 125, ¶ 13, 700 N.W.2d 717 (noting the district court expressly reserved determination of restitution in the criminal judgment).

[¶7] The Reimbursement Order must be vacated if it was "not authorized by the judgment of conviction." *State v. Edwards*, 2007 ND 113, ¶ 5, 736 N.W.2d 449. Here, the district court referenced guardian ad litem fees in its May 2017 Order Appointing Guardian Ad Litem, stating only that the fees were "subject to future reimbursement considerations." That order was entered more than five months prior to the DIS Order. There was mention at the time of sentencing that the guardian ad litem fees could be "revisited at a later date," but nothing in the DIS Order reserved the issue of guardian ad litem fees. "If there is a discrepancy between a trial court's oral and subsequent written statements, the written statements control." *Deyle v. Deyle*, 2012 ND 248, ¶ 18, 825 N.W.2d 245 (quoting *Brown v. Brodell*, 2008 ND 183, ¶ 12, 756 N.W.2d 779).

[¶8] The statement in the May 2017 Order that the County shall pay the guardian ad litem fees "subject to future reimbursement considerations" was not carried over to the DIS Order. Because the DIS Order is appealable as a final judgment and reserved no issues for further resolution, the district court lost jurisdiction when the time for appeal expired. *See Meier*, 440 N.W.2d at 702; *Prince*, 66 N.W.2d at 799.

[¶9] On appeal, Vollrath also seeks vacation of the DIS Order and enforcement of his plea agreement as a remedy. Because Vollrath appeals from the Reimbursement Order under N.D.R.Crim.P. 35(a) and did not timely appeal the DIS Order or the

3

Order Permitting State to Withdraw from Petition to Plead Guilty, this Court will only reverse the Reimbursement Order. "The 'narrow function' of the Rule 'is to permit correction at any time of an illegal *sentence*, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence.'" *Meier*, 440 N.W.2d at 703. "Issues concerning the validity of a conviction are therefore not cognizable on a Rule 35 motion." *Id.* A "defendant 'cannot collaterally attack the underlying conviction by way of a motion to correct an illegal sentence.'" *State v. Gray*, 2017 ND 108, ¶ 17, 893 N.W.2d 484 (quoting *State v. Ertelt*, 1997 ND 15, ¶ 6, 558 N.W.2d 860).

### III

[¶10]  We vacate the Reimbursement Order.

[¶11]  Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Gerald W. VandeWalle, C.J.