2016 ND 182

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Danny BIRCHFIELD, Defendant and Appellant.**

No. 20140109.

Supreme Court of North Dakota.

Sept. 15, 2016.

Morton County State's Attorney's Office, Mandan, N.D., for plaintiff and appellee.

Danny L. Herbel, Bismarck, N.D., for defendant and appellant.

Attorney General's Office, Bismarck, N.D., for amicus curiae North Dakota Attorney General.

PER CURIAM.

[¶ 1] After being arrested for driving under the influence, Danny Birchfield refused to consent to a warrantless chemical blood test and was charged with refusal to submit to a chemical test in violation of N.D.C.C. § 39–08–01. He moved to dismiss the criminal charge, contending N.D.C.C. § 39–08–01, which criminalizes the refusal to submit to a chemical test, is unconstitutional under the Fourth Amendment and N.D. Const. art. I, § 8. The district court concluded Birchfield's rights under those provisions were not violated by the criminal charge for refusing to consent to a chemical test. Birchfield conditionally pled guilty under N.D.R.Crim.P. 11(a)(2), reserving his right to appeal the court's order denying his motion to dismiss.

[¶ 2] In *State v. Birchfield*, 2015 ND 6, ¶¶ 1, 19, 858 N.W.2d 302, we held the statute criminalizing Birchfield's refusal to submit to a chemical test did not violate his right to be free from an unreasonable search and seizure under the Fourth Amendment, or N.D. Const. art. I, § 18. The United States Supreme Court granted Birchfield's petition for writ of certiorari.

[¶ 3] In *Birchfield v. North Dakota*, — U.S. ——, 136 S.Ct. 2160, 2184–85, 195 L.Ed.2d 560 (2016), the United States Supreme Court held the Fourth Amendment permits warrantless breath tests incident to a lawful arrest for drunk driving, but absent another exception to the warrant requirement, does not permit warrantless blood tests incident to a lawful arrest for drunk driving. The United States Supreme Court concluded that in Birchfield's prosecution for refusing a warrantless blood test incident to his arrest, the refused blood test was not justified as a search incident to his arrest and reversed his conviction because he was threatened with an unlawful search. *Id.* at 2186. The Court remanded to this Court for further proceedings not inconsistent with its opinion. *Id.*

[¶ 4] We vacate our opinion affirming Birchfield's conviction for refusal to submit to a chemical blood test to the extent it is inconsistent with *Birchfield v. North Dakota*. We remand to the district court with directions to allow Birchfield to withdraw his guilty plea and to dismiss with prejudice the charge of refusal to submit to a chemical test.

[¶ 5] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS, DALE V. SANDSTROM, CAROL RONNING KAPSNER, JJ., concur.