Crothers, Justice.
 

 [¶ 1] Russell Bruce Parshall appeals from the district court's order denying his application for post-conviction relief. Parshall petitioned the district court to vacate a criminal conviction for refusal to submit to
 
 *435
 
 a blood test in 2014. We reverse and remand, concluding the district court erred in its interpretation of the plea agreement.
 

 I
 

 [¶ 2] On July 28, 2015 Parshall pled guilty to "Driving Under the Influence N.D.C.C. § 39-08-01 (First Offense Refusal)" by a N.D.R.Crim.P. 43 plea agreement. Parshall's Rule 43 Change of Plea and Sentencing Appearance Waiver listed the charge without the parenthetical "(First Offense Refusal);" however, both the formal plea agreement section of the document and the later criminal judgment included the parenthetical.
 

 [¶ 3] Parshall timely applied for post-conviction relief, arguing the United States Supreme Court's holding in
 
 Birchfield v. North Dakota
 
 , --- U.S. ----,
 
 136 S.Ct. 2160
 
 ,
 
 195 L.Ed.2d 560
 
 (2016), was a retroactively applicable substantive rule of constitutional law that prohibited the State from imposing criminal liability for refusing a warrantless blood test. In opposing Parshall's application the State argued the factual basis in the plea agreement supported both general driving while impaired and refusal to submit to the blood test. The district court found Parshall entered a guilty plea to the general charge of driving under the influence, not merely refusal:
 

 "While the refusal to submit to a warrantless blood draw is constitutionally protected activity and no longer supports a criminal offense after
 
 Birchfield
 
 , the Court finds that Parshall entered a plea to the general charge of Driving Under the Influence. In addition to refusing the blood draw, Parshall admitted to the factual basis of driving without headlights or taillights at 1:00 a.m. on the city streets in Mandan, Morton County, that the officer smelled a strong odor of alcohol, that the defendant had slurred speech and bloodshot, watery eyes, that the defendant had poor motor function and could not walk without stumbling and that the defendant failed each of the field sobriety tests. The factual basis, as supplied by Parshall, supported a finding that he was actually impaired by alcohol in addition to refusing the blood test."
 

 [¶ 4] The district court declined to rule on the retroactivity of
 
 Birchfield
 
 , --- U.S. ----,
 
 136 S.Ct. 2160
 
 ,
 
 195 L.Ed.2d 560
 
 (2016) : "The Court need not make that ruling, as the Court finds that the ruling in
 
 Birchfield
 
 made the statute regarding conviction by refusal to provide a blood sample unconstitutional from the moment of passage." Parshall appeals.
 

 II
 

 [¶ 5] Our standard of review for denial of an application for post-conviction relief is well-established. "Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure."
 
 Burke v. State
 
 ,
 
 2012 ND 169
 
 , ¶ 10,
 
 820 N.W.2d 349
 
 .
 

 "In post-conviction relief proceedings, a district court's findings of fact will not be disturbed unless they are clearly erroneous under N.D.R.Civ.P. 52(a).
 
 Cue v. State
 
 ,
 
 2003 ND 97
 
 , ¶ 10,
 
 663 N.W.2d 637
 
 . A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by the evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction that a mistake has been made.
 
 DeCoteau v. State
 
 ,
 
 2000 ND 44
 
 , ¶ 10,
 
 608 N.W.2d 240
 
 . Questions of law are fully reviewable on appeal of a post-conviction proceeding.
 
 Peltier v. State
 
 ,
 
 2003 ND 27
 
 , ¶ 6,
 
 657 N.W.2d 238
 
 ."
 

 Greywind v. State
 
 ,
 
 2004 ND 213
 
 , ¶ 5,
 
 689 N.W.2d 390
 
 .
 

 *436
 
 [¶ 6] Two subsections of N.D.C.C. § 39-08-01(1) (2015) apply in this case:
 

 "1. A person may not drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if any of the following apply:
 

 ...
 

 b. That person is under the influence of intoxicating liquor.
 

 ...
 

 e. That individual refuses to submit to any of the following:
 

 (1) A chemical test, or tests, of the individual's blood, breath, or urine to determine the alcohol concentration or presence of other drugs, or combination thereof, in the individual's blood, breath, or urine, at the direction of a law enforcement officer under section 39-06.2-10.2 if the individual is driving or is in actual physical control of a commercial motor vehicle; or
 

 (2) A chemical test, or tests, of the individual's blood, breath, or urine to determine the alcohol concentration or presence of other drugs, or combination thereof, in the individual's blood, breath, or urine, at the direction of a law enforcement officer under section 39-20-01; ...."
 

 [¶ 7] We interpret plea agreements according to general contract principles.
 
 State v. Lium
 
 ,
 
 2008 ND 33
 
 , ¶ 12,
 
 744 N.W.2d 775
 
 ,
 
 reh'g denied
 
 ;
 
 see
 

 State v. Hamann
 
 ,
 
 262 N.W.2d 495
 
 , 502 (N.D. 1978) ("[A]n approved plea bargaining agreement has qualities similar to that of a contract.");
 
 State v. Thorstad
 
 ,
 
 261 N.W.2d 899
 
 , 902 (N.D. 1978) ("[C]ourts ... treat court-approved plea bargain agreements similar to contracts."). "[T]his court will independently examine and construe [a] contract to determine if the district court erred in its interpretation of it."
 
 General Elec. Credit Corp. of Tenn. v. Larson
 
 ,
 
 387 N.W.2d 734
 
 , 736 (N.D. 1986).
 

 [¶ 8] The State contended and the district court ruled Parshall pled guilty to general driving under the influence. However, the parties' intent can be ascertained from the plea agreement itself.
 
 See
 

 Bakken v. Duchscher
 
 ,
 
 2013 ND 33
 
 , ¶ 16,
 
 827 N.W.2d 17
 
 (concluding rules of contract interpretation and extrinsic evidence were unnecessary to interpret an option agreement with clear and unambiguous language). The plea agreement signed by Parshall states "Defendant hereby pleads guilty to a charge of COUNT I DRIVING UNDER THE INFLUENCE N.D.C.C. § 39-08-01 (First Offense Refusal) a Class B Misdemeanor." The criminal judgment mirrors this language. From this we conclude the district court erred in interpreting the factual basis following the plea agreement to determine Parshall pled guilty to general driving under the influence when the plain language indicated refusal.
 
 See
 
 N.D.R.Crim.P. 11(b)(3) ("Determining the Factual Basis for a Plea.").
 

 III
 

 [¶ 9] Parshall argues the United States Supreme Court's holding in
 
 Birchfield
 
 retroactively voids his criminal conviction. --- U.S. ----,
 
 136 S.Ct. 2160
 
 , 2185-86,
 
 195 L.Ed.2d 560
 
 (2016) ;
 
 see
 

 Montgomery v. Louisiana
 
 , --- U.S. ----,
 
 136 S.Ct. 718
 
 , 729,
 
 193 L.Ed.2d 599
 
 (2016) ("[W]hen a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule."). Parshall also argues he is entitled to a return of the fine and fees paid under the voided conviction.
 
 See
 

 Nelson v. Colorado
 
 , --- U.S. ----,
 
 137 S.Ct. 1249
 
 , 1255-56,
 
 197 L.Ed.2d 611
 
 (2017) (ruling a state
 
 *437
 
 is obliged to return funds taken if conviction is invalidated on review). Because the district court declined to rule on these issues, we remand this case to the district court for resolution of these issues.
 
 See
 

 Overboe v. Farm Credit Servs. of Fargo
 
 ,
 
 2001 ND 58
 
 , ¶ 14,
 
 623 N.W.2d 372
 
 (declining to review retroactive application of statutory amendment until sufficiently raised and briefed in an appropriate case).
 

 IV
 

 [¶ 10] The district court erred in its interpretation of Parshall's plea agreement. We reverse the order and remand for further proceedings.
 

 [¶ 11] Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Gerald W. VandeWalle, C.J.
 

 McEvers, Justice, concurring specially.
 

 [¶ 12] I agree with, and have signed with the Majority. Parshall moved to vacate his first offense refusal conviction, alleging he pleaded guilty to conduct that did not constitute a crime. I write separately to point out, that regardless of whether the
 
 Birchfield
 
 decision applies retroactively to final convictions, Parshall has another potential remedy available to him. Rather than moving to vacate the conviction, Parshall could have moved the district court to allow him to withdraw his guilty plea or pleas under the principles of N.D.R.Crim.P. 11(d)(2), if he can show a manifest injustice.
 

 [¶ 13] This Court has stated:
 

 Generally, when a post-conviction relief applicant seeks to withdraw a guilty plea, the district court looks to whether relief is necessary to correct a "manifest injustice." " 'When a defendant applies for post-conviction relief seeking to withdraw a guilty plea, we ... treat the application as one made under N.D.R.Crim.P. [11](d).' " "Withdrawal is allowed when necessary to correct a manifest injustice."
 

 Lindsey v. State
 
 ,
 
 2014 ND 174
 
 , ¶ 16,
 
 852 N.W.2d 383
 
 (citations omitted). An argument could be made that a guilty plea is not knowing and voluntary when the underlying statutory provision for the crime is later found unconstitutional.
 

 [¶ 14] Relying on
 
 Nelson v. Colorado
 
 , Parshall also argued on appeal that he is entitled to return of the fines and fees imposed because his test-refusal conviction should be voided. --- U.S. ----,
 
 137 S.Ct. 1249
 
 ,
 
 197 L.Ed.2d 611
 
 (2017). However, in
 
 Nelson
 
 , the petitioners seeking post-conviction relief were completely exonerated of the charges against them.
 

 Id.
 

 at 1256
 
 . Here, even if Parshall is successful in having only the refusal charge vacated or withdrawn, the driving under suspension conviction still exists. Under the plea agreement, Parshall pleaded guilty to a class B misdemeanor first offense refusal, but also a class B misdemeanor driving under suspension offense. The fines and fees imposed in the criminal judgment included: a $500 fine, a $125 court administration fee, and a $100 facility improvement fee for a total of $750. The district court imposed concurrent sentences for the two charges, and did not identify whether the fines and fees applied to the refusal charge or the driving under suspension charge. As class B misdemeanors, the fines and fees would be appropriate for either charge. I question whether Parshall can have it both ways. If he wants the court to reconsider the fines and fees, it seems the court would need to consider the withdrawal of both offenses contained in the plea agreement.
 

 [¶ 15] Lisa Fair McEvers
 

 Jensen, Justice, concurring and dissenting.
 

 [¶ 16] The Majority concludes that the district court erred in determining that
 
 *438
 
 Parshall's plea of guilty supports a conviction to the offense of driving while under the influence and was not limited to the more specific offense of refusing to submit to chemical testing. I concur with the Majority's conclusion that the plea agreement was unambiguously limited to the specific offense of refusing to submit to chemical testing. I dissent from the Majority's remand of the case to the district court to determine whether or not the decision in
 
 Birchfield v. North Dakota
 
 , --- U.S. ----,
 
 136 S.Ct. 2160
 
 ,
 
 195 L.Ed.2d 560
 
 (2016) retroactively voids Parshall's criminal conviction. Whether or not the decision in
 
 Birchfield
 
 applies retroactively is a question of law that was raised below, raised on appeal, and should be decided by this Court. Because the
 
 Birchfield
 
 decision applies retroactively, Parshall's conviction should be vacated. I would reverse the decision of the district court and remand the case for further proceedings consistent with a determination that Parshall's conviction for refusing to submit to chemical testing be vacated.
 

 [¶ 17] The Majority opinion accurately summarizes the procedural history of this case as follows:
 

 On July 28, 2015 Parshall pled guilty to "Driving Under the Influence N.D.C.C. § 39-08-01 (First Offense Refusal)" by a N.D.R.Crim.P. 43 plea agreement. ...
 

 Parshall timely applied for post-conviction relief, arguing the United States Supreme Court's holding in
 
 Birchfield v. North Dakota
 
 , [--- U.S. ----]
 
 136 S.Ct. 2160
 
 [
 
 195 L.Ed.2d 560
 
 ] (2016), was a retroactively applicable substantive rule of constitutional law that prohibited the State from imposing criminal liability for refusing a warrantless blood test. In opposing Parshall's application the State argued the factual basis in the plea agreement supported both general driving while impaired and refusal to submit to the blood test. The district court found Parshall entered a guilty plea to the general charge of driving under the influence, not merely refusal: ....
 

 The district court declined to rule on the retroactivity of
 
 Birchfield
 
 , [--- U.S. ----]
 
 136 S.Ct. 2160
 
 [
 
 195 L.Ed.2d 560
 
 ] (2016) : "The Court need not make that ruling, as the Court finds that the ruling in
 
 Birchfield
 
 made the statute regarding conviction by refusal to provide a blood sample unconstitutional from the moment of passage." Parshall appeals.
 

 Majority opinion, at ¶ ¶ 2-4.
 

 [¶ 18] Whether
 
 Birchfield
 
 applies retroactively and vacates Parshall's conviction is a question of law. Parshall raised this issue in the district court and reasserted this issue on appeal. On remand the likely outcomes include a resolution between the parties that is not appealed, a determination in favor of the State which Parshall appeals, or a determination in favor of Parshall that the State appeals. Additionally, because Parshall's circumstances are not unique, it is likely that this Court will be presented with these issues by another defendant even if this case is resolved by a mutual agreement of the parties. A resolution of this issue on appeal was properly requested, and it is appropriate to resolve the issue within this appeal.
 

 [¶ 19] In
 
 Birchfield
 
 , the defendant was arrested on a drunk driving charge. 136 S.Ct. at 2170. The state trooper who arrested Birchfield, the defendant, advised Birchfield of his obligation under North Dakota law to undergo chemical testing to determine his blood alcohol concentration and further informed him that refusing to submit to a blood test could lead to criminal punishment.
 
 Id.
 
 Birchfield refused to let his blood be drawn, and he was charged with a violation of the refusal statute.
 
 Id.
 
 Birchfield entered a conditional guilty plea
 
 *439
 
 but argued the Fourth Amendment prohibited him from being charged with a crime for his refusal to submit to the test.
 
 Id.
 
 at 2170-71. The district court rejected Birchfield's Fourth Amendment argument, and this Court affirmed.
 
 Id.
 
 at 2171.
 

 [¶ 20] Birchfield appealed this Court's decision to the United States Supreme Court.
 
 Id.
 
 The Supreme Court held that blood samples and breath tests are searches governed by the Fourth Amendment and thereafter considered whether or not the search incident to arrest exception eliminated the requirement to obtain a warrant.
 
 Id.
 
 at 2173-74. Whether to exempt a search from the warrant requirement is determined "by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests."
 
 Id.
 
 at 2176. After assessing the intrusion on an individual's privacy created by a blood test and the need to promote a legitimate governmental interest in deterring impaired driving, the Supreme Court concluded that obtaining a blood sample was not exempt from the requirement to obtain a warrant.
 
 Id.
 
 at 2184-85. The Supreme Court summarized its holding as follows:
 

 Petitioner Birchfield was criminally prosecuted for refusing a warrantless blood draw, and therefore the search he refused cannot be justified as a search incident to his arrest or on the basis of implied consent. There is no indication in the record or briefing that a breath test would have failed to satisfy the State's interests in acquiring evidence to enforce its drunk-driving laws against Birchfield. And North Dakota has not presented any case-specific information to suggest that the exigent circumstances exception would have justified a warrantless search.
 
 Cf.
 

 [Missouri v.] McNeely
 
 , 569 U.S. [141, 149-151], 133 S.Ct. at 1567, [
 
 185 L.Ed.2d 696
 
 (2013) ]. Unable to see any other basis on which to justify a warrantless test of Birchfield's blood, we conclude that Birchfield was threatened with an unlawful search and that the judgment affirming his conviction must be reversed.
 

 Id.
 
 at 2186.
 

 [¶ 21] Parshall argues he plead guilty to an offense under factual circumstances substantively identical to those in
 
 Birchfield
 
 and
 
 Birchfield
 
 represents a retroactively applicable substantive rule of constitutional law. A determination that
 
 Birchfield
 
 created a new retroactively applicable substantive rule of constitutional law would prohibit the State from imposing criminal liability for refusing a warrantless blood test and requires Parshall's conviction to be vacated. The United States Supreme Court has devised the following three-prong test for determining whether a right applies retroactively:
 

 First, the court must determine when the defendant's conviction became final. Second, it must ascertain the legal landscape as it then existed and ask whether the Constitution, as interpreted by the precedent then existing, compels the rule. That is, the court must decide whether the rule is actually "new." Finally, if the rule is new, the court must consider whether it falls within either of the two exceptions to nonretroactivity.
 

 Beard v. Banks
 
 ,
 
 542 U.S. 406
 
 , 411,
 
 124 S.Ct. 2504
 
 ,
 
 159 L.Ed.2d 494
 
 (2004) (citations and quotation marks omitted). A new rule will apply retroactively to a final conviction only under very limited circumstances.
 
 Schriro v. Summerlin
 
 ,
 
 542 U.S. 348
 
 , 351,
 
 124 S.Ct. 2519
 
 ,
 
 159 L.Ed.2d 442
 
 (2004). The
 
 Teague
 
 retroactivity rule has two exceptions: (1) the rule is substantive or places a class of private conduct beyond the power of the State, or (2) the rule is a
 
 *440
 
 watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.
 
 Teague v. Lane
 
 ,
 
 489 U.S. 288
 
 , 311,
 
 109 S.Ct. 1060
 
 ,
 
 103 L.Ed.2d 334
 
 (1989). A substantive rule is one that "alters the range of conduct or the class of persons that the law punishes."
 
 Schriro
 
 , 542 U.S. at 353,
 
 124 S.Ct. 2519
 
 . A procedural rule regulates "only the manner of determining the defendant's culpability."
 

 Id.
 

 A
 

 [¶ 22] First, this Court must determine when Parshall's conviction became final. A conviction becomes final as follows: (1) when the time for appeal of the conviction to this Court expires; (2) if an appeal was taken to this Court, the time for petitioning the United States Supreme Court for review expires; or (3) if review was sought in the United States Supreme Court, the date the Supreme Court issues a final order in the case. N.D.C.C. § 29-32.1-01(2). Parshall's judgment was entered in the district court on July 28, 2015. Parshall did not initiate an appeal to this Court, and the time for appeal expired on August 27, 2015. Parshall's conviction was therefore final on August 27, 2015.
 

 B
 

 [¶ 23] Second, this Court must determine whether the rule in
 
 Birchfield
 
 is new. On August 27, 2015, when Parshall's conviction became final, the United States Supreme Court had not issued its decision in
 
 Birchfield
 
 . For the purposes of determining whether a rule is retroactive:
 

 A "new rule" is one that "breaks new ground or imposes a new obligation on the States or the Federal Government. ... To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final."
 
 Teague
 
 ,
 
 489 U.S. at 301
 
 ,
 
 109 S.Ct. 1060
 
 . A result is dictated by precedent if the unlawfulness of the defendant's conviction was "apparent to all reasonable jurists" when the conviction became final.
 
 Beard
 
 , 542 U.S. at 413,
 
 124 S.Ct. 2504
 
 .
 

 Burton v. Fabian
 
 ,
 
 612 F.3d 1003
 
 , 1008 (8th Cir. 2010). In
 
 Birchfield
 
 , the United States Supreme Court noted the following:
 

 Blood and breath tests to measure blood alcohol concentration are not as new as searches of cell phones, but here, as in
 
 Riley [v. California,
 
 --- U.S. ----,
 
 134 S.Ct. 2473
 
 ,
 
 189 L.Ed.2d 430
 
 (2014) ], the founding era does not provide any definitive guidance as to whether they should be allowed incident to arrest. Lacking such guidance, we engage in the same mode of analysis as in
 
 Riley
 
 : we examine "the degree to which [they] intrud[e] upon an individual's privacy and ... the degree to which [they are] needed for the promotion of legitimate governmental interests."
 

 136 S.Ct. at 2176 (footnote omitted). This language confirms that the United States Supreme Court's determination of whether or not a blood sample could be compelled without a warrant was a new issue. Therefore, the holding in
 
 Birchfield
 
 is a new rule which was not dictated by existing precedent.
 

 C
 

 [¶ 24] Third, we must determine whether the rule in
 
 Birchfield
 
 is substantive or procedural. The remaining prong of the test to determine if the decision in
 
 Birchfield
 
 should be applied retroactively requires consideration of whether the change falls within one of the two exceptions to nonretroactivity. One of the exceptions to nonretroactivity is if the change is substantive; whether it alters the range of conduct that the law punishes.
 
 Schriro
 
 , 542 U.S. at 353,
 
 124 S.Ct. 2519
 
 . The
 
 Birchfield
 

 *441
 
 decision held unconstitutional the imposition of criminal responsibility for refusing to submit to a warrantless blood test as provided in N.D.C.C. § 39-20-01(3)(a). 136 S.Ct. at 2186. This altered the range of conduct that the law punishes and satisfies the third prong of the test for retroactive application.
 

 [¶ 25] The United States Supreme Court has determined, in a similar situation, that a holding constituted a substantive rule requiring retroactive application.
 
 Welch v. United States
 
 , --- U.S. ----,
 
 136 S.Ct. 1257
 
 , 1265,
 
 194 L.Ed.2d 387
 
 (2016). In
 
 Welch
 
 , the petitioner was convicted under the Armed Career Criminal Act, which included a residual clause expanding the definition of a "violent felony" to any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another."
 

 Id.
 

 at 1261
 
 . The Supreme Court held the residual clause void because it was unconstitutionally vague.
 

 Id.
 

 at 1262 (citing
 
 Johnson v. United States
 
 , --- U.S. ----,
 
 135 S.Ct. 2551
 
 , 2560,
 
 192 L.Ed.2d 569
 
 (2015) ). The Supreme Court concluded that because the residual clause was invalid, it could "no longer mandate or authorize any sentence."
 
 Id.
 
 at 1265. The Supreme Court further noted the rule was not procedural because it "had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the Armed Career Criminal Act."
 
 Id.
 
 The Supreme Court vacated the criminal judgment and remanded.
 
 Id.
 
 at 1268.
 

 [¶ 26] The Minnesota Court of Appeals recently concluded that two Minnesota Supreme Court opinions based on
 
 Birchfield
 
 did not create a retroactively applicable substantive rule of law.
 
 Johnson v. Minnesota
 
 ,
 
 906 N.W.2d 861
 
 , ---- (Minn. Ct. App. 2018). The prior decisions relied on by the
 
 Johnson
 
 court held that the state could not prosecute defendants for refusing to submit to unconstitutional blood or urine tests.
 

 Id.
 

 at ---- - ---- (citing
 
 Minnesota v. Thompson
 
 ,
 
 886 N.W.2d 224
 
 , 234 (Minn. 2016) ;
 
 Minnesota v. Trahan
 
 ,
 
 886 N.W.2d 216
 
 , 224 (Minn. 2016) ). The Minnesota Court of Appeals concluded the rules announced in
 
 Thompson
 
 and
 
 Trahan
 
 were procedural rules, not substantive, because they "modified the procedure that law enforcement must follow before administering a chemical test."
 

 Id.
 

 at ----. The court determined
 
 Thompson
 
 and
 
 Trahan
 
 did not prohibit all prosecution for test refusal, but only modified the warrant requirement for blood or urine tests unless exigent circumstances existed.
 

 Id.
 

 The court also concluded the new rules did not modify the elements of a crime and only changed police conduct; therefore, the rules did not create a "class of persons convicted of conduct the law does not make criminal."
 

 Id.
 

 (quoting
 
 Schriro
 
 , 542 U.S. at 352,
 
 124 S.Ct. 2519
 
 ).
 

 [¶ 27] The rule announced in
 
 Birchfield
 
 "alters the range of conduct or the class of persons that the law punishes."
 
 Schriro
 
 , 542 U.S. at 353,
 
 124 S.Ct. 2519
 
 . Concluding individuals cannot be subject to criminal prosecution for the refusal of a warrantless blood test modifies which individuals may be punished for their conduct. I disagree with the Minnesota Court of Appeals' classification of the
 
 Birchfield
 
 holding as a procedural rule. Before
 
 Birchfield
 
 , an individual could be prosecuted for the refusal of a warrantless blood test. After
 
 Birchfield
 
 , an individual may not be criminally punished for that same conduct. This alters the class of persons the law punishes. After
 
 Birchfield
 
 , state law criminally punishing refusal of a warrantless blood test may not mandate or authorize a sentence. Additionally, like in
 
 Welch
 
 , the holding in
 
 Birchfield
 
 had "nothing to do with the range of permissible methods a court might use to determine whether a defendant"
 

 *442
 
 should be sentenced for refusal.
 
 See
 
 136 S.Ct. at 1265. The rule announced in
 
 Birchfield
 
 is substantive.
 

 [¶ 28] It is true that
 
 Birchfield
 
 may change police conduct because an officer must seek a search warrant to conduct a blood test, but the rule itself is not procedural. As noted by the dissent in
 
 Ullrich v. Minnesota
 
 , No. A17-0589,
 
 2018 WL 492630
 
 , at *4 (Minn. Ct. App. Jan. 22, 2018), there is no evidence to be suppressed in the prosecution for refusal of a warrantless blood test because it is now beyond the State's power to punish this conduct. Unlike other Fourth Amendment violations, where the remedy is suppression of the evidence, the remedy here is that the State may no longer criminalize this type of refusal. Rules relating to the Fourth Amendment always affect police conduct, but the fact that police conduct changes with the law does not render a rule procedural. Therefore, the rule is substantive and should be applied retroactively.
 

 [¶ 29] All three prongs of the retroactivity test have been satisfied to determine the
 
 Birchfield
 
 decision established a retroactively applicable substantive rule of constitutional law that prohibited the State from imposing criminal liability for refusing a warrantless blood test. As a matter of law, the conviction must be vacated and the case remanded to the district court for further proceedings consistent with a determination that Parshall's conviction for refusing to submit to chemical testing must be vacated.
 

 [¶ 30] Jon J. Jensen
 

 Jerod E. Tufte