VandeWalle, Chief Justice.
 

 [¶ 1] Brandon Morel appealed from a district court order denying his application for post-conviction relief in which he asked the district court to vacate a criminal conviction for refusal to submit to a chemical test in 2014. We reverse, concluding
 
 Birchfield v. North Dakota
 
 , --- U.S. ----,
 
 136 S.Ct. 2160
 
 ,
 
 195 L.Ed.2d 560
 
 (2016) applies retroactively to this case.
 

 I
 

 [¶ 2] In August 2014, Morel was arrested and cited for driving under the influence of intoxicating liquor and refusal to submit to a chemical test. Morel moved to dismiss the refusal charge on the basis that the refusal statute was unconstitutional. The district court ruled the refusal statute was not unconstitutional.
 

 [¶ 3] Prior to trial, the State moved to dismiss Morel's charge for driving under the influence, and elected to proceed to trial on the refusal charge. In November 2014, a jury found Morel guilty of refusing to submit to a chemical test. In December 2014, Morel appealed his refusal conviction to this Court, reasserting his constitutional argument about the refusal statute.
 
 See
 

 State v. Morel
 
 ,
 
 2015 ND 198
 
 ,
 
 870 N.W.2d 26
 
 . In August 2015, we summarily affirmed Morel's judgment under
 
 State v. Birchfield
 
 ,
 
 2015 ND 6
 
 , ¶ 19,
 
 858 N.W.2d 302
 
 ,
 
 rev'd
 
 , --- U.S. ----,
 
 136 S.Ct. 2160
 
 ,
 
 195 L.Ed.2d 560
 
 (2016),
 
 and vacated
 
 ,
 
 2016 ND 182
 
 , ¶ 4,
 
 885 N.W.2d 62
 
 .
 

 [¶ 4] In 2016, the Supreme Court of the United States announced its ruling in
 
 Birchfield
 
 that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense."
 
 Birchfield
 
 ,
 
 136 S.Ct. 2160
 
 , 2186 (2016).
 

 [¶ 5] In May 2017, Morel filed an application for post-conviction relief, asking the district court to vacate his criminal conviction for refusal to submit to a chemical test. Morel argued the Supreme Court's decision in
 
 Birchfield
 
 should be applied retroactively. The district court denied his application, finding
 
 Birchfield
 
 is a new federal rule of criminal procedure that does not apply retroactively.
 

 II
 

 [¶ 6] Morel argues the district court erred in denying his application for post-conviction relief and his conviction should
 
 *302
 
 be vacated because he was convicted under an unconstitutional statute.
 

 [¶ 7] The standard of review for an application for post-conviction relief is well-established:
 

 In post-conviction relief proceedings, a district court's findings of fact will not be disturbed unless they are clearly erroneous under N.D.R.Civ.P. 52(a). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by the evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction that a mistake has been made. Questions of law are fully reviewable on appeal of a post-conviction proceeding.
 

 Parshall v. State
 
 ,
 
 2018 ND 69
 
 , ¶ 23,
 
 908 N.W.2d 434
 
 (citations omitted). Generally, an application for post-conviction relief must be filed within two years of the date the conviction becomes final. However, there is an exception if the petitioner "asserts a new interpretation of federal or state constitutional or statutory law by either the United States supreme court or a North Dakota appellate court and the petitioner establishes that the interpretation is retroactively applicable to the petitioner's case." N.D.C.C. § 29-32.1-01(3)(a)(3). Under this provision, the petitioner must file within two years of the effective date of the retroactive application of law.
 
 See
 
 N.D.C.C. § 29-32.1-01(3)(b).
 

 [¶ 8] Morel's application was filed beyond the general two-year statute of limitations. However, he asserts his application falls under the exception in N.D.C.C. § 29-32.1-01(3)(a)(3) because the decision in
 
 Birchfield
 
 is a new substantive rule of federal constitutional law retroactively applicable to his case. The State had dismissed the charge for driving under the influence, and Morel was convicted for refusal to submit to a chemical test. Accordingly, we only address the retroactivity of
 
 Birchfield
 
 as it applies to criminal refusal to submit to a warrantless chemical blood test.
 

 III
 

 [¶ 9] The Supreme Court has devised a three-prong test for determining whether a right applies retroactively:
 

 First, the court must determine when the defendant's conviction became final. Second, it must ascertain the "legal landscape as it then existed," and ask whether the Constitution, as interpreted by the precedent then existing, compels the rule. That is, the court must decide whether the rule is actually "new." Finally, if the rule is new, the court must consider whether it falls within either of the two exceptions to nonretroactivity.
 

 Beard v. Banks
 
 ,
 
 542 U.S. 406
 
 , 411,
 
 124 S.Ct. 2504
 
 ,
 
 159 L.Ed.2d 494
 
 (2004) (citations omitted). A new rule applies retroactively to final convictions in very limited circumstances.
 
 Schriro v. Summerlin
 
 ,
 
 542 U.S. 348
 
 , 351,
 
 124 S.Ct. 2519
 
 ,
 
 159 L.Ed.2d 442
 
 (2004). "The
 
 Teague
 
 retroactivity rule has two exceptions: (1) the rule is substantive or places a class of private conduct beyond the power of the State, or (2) the rule is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding."
 
 Parshall
 
 ,
 
 2018 ND 69
 
 , ¶ 21,
 
 908 N.W.2d 434
 
 (Jensen, J., dissenting as to the remand of the case to determine whether
 
 Birchfield
 
 applies retroactively, but concurring in the Majority's holding);
 
 see also
 

 Teague v. Lane
 
 ,
 
 489 U.S. 288
 
 , 311,
 
 109 S.Ct. 1060
 
 ,
 
 103 L.Ed.2d 334
 
 (1989). "Substantive rules include rules forbidding criminal punishment of certain primary conduct ... [and] rules prohibiting a certain category of punishment for a class of defendants because of their status or offense."
 

 *303
 

 Montgomery v. Louisiana
 
 , --- U.S. ----,
 
 136 S.Ct. 718
 
 , 728,
 
 193 L.Ed.2d 599
 
 (2016) (quotations omitted). Alternatively, procedural rules "are designed to enhance the accuracy of a conviction or sentence by regulating the manner of determining the defendant's culpability."
 

 Id.
 

 at 730
 
 . (quotations omitted).
 

 A
 

 [¶ 10] First, we must determine when Morel's conviction became final. A conviction becomes final when (1) the time for appeal of the conviction to this Court expires; (2) if an appeal was taken to this Court, the time for petitioning the United States Supreme Court for review expires; or (3) if review was sought in the United States Supreme Court, the date the Supreme Court issues a final order in the case. N.D.C.C. § 29-32.1-01(2). Morel's judgment was entered in the district court on November 19, 2014. Morel timely appealed to this Court on December 17, 2014, and we entered a judgment affirming the district court's judgment on August 11, 2015. Morel did not initiate an appeal to the United States Supreme Court, and the time for appeal expired on November 9, 2015. Morel's conviction was therefore final on November 9, 2015.
 

 B
 

 [¶ 11] Second, we must determine whether the rule in
 
 Birchfield
 
 is new. In November 2015, when Morel's conviction became final, the United States Supreme Court had not issued its decision in
 
 Birchfield.
 
 For the purposes of determining whether a rule is retroactive:
 

 A "new rule" is one that "breaks new ground or imposes a new obligation on the States or the Federal Government. ... To put it differently, a case announces a new rule if the result was not
 
 dictated
 
 by precedent existing at the time the defendant's conviction became final."
 
 Teague
 
 ,
 
 489 U.S. at 301
 
 ,
 
 109 S.Ct. 1060
 
 . A result is dictated by precedent if the unlawfulness of the defendant's conviction was "apparent to all reasonable jurists" when the conviction became final.
 
 Beard
 
 , 542 U.S. at 413,
 
 124 S.Ct. 2504
 
 .
 

 Burton v. Fabian
 
 ,
 
 612 F.3d 1003
 
 , 1008 (8th Cir. 2010) (emphasis in original). In
 
 Birchfield
 
 , the Supreme Court noted the following:
 

 Blood and breath tests to measure blood alcohol concentration are not as new as searches of cell phones, but here, as in
 
 Riley
 
 , the founding era does not provide any definitive guidance as to whether they should be allowed incident to arrest. Lacking such guidance, we engage in the same mode of analysis as in
 
 Riley
 
 : we examine "the degree to which [they] intrud[e] upon an individual's privacy and ... the degree to which [they are] needed for the promotion of legitimate governmental interests."
 

 Birchfield
 
 ,
 
 136 S.Ct. 2160
 
 , 2176 (2016) (footnote omitted).
 
 Birchfield
 
 held for the first time that "the search incident to arrest doctrine does not justify the warrantless taking of a blood sample," and that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense."
 

 Id.
 

 at 2185-86
 
 . Accordingly, the holdings announced in
 
 Birchfield
 
 created new rules which were not dictated by precedent existing at the time Morel's conviction became final.
 

 C
 

 [¶ 12] Third, we must determine whether the rule in
 
 Birchfield
 
 is substantive or procedural. The State argues the
 
 Birchfield
 
 decision stated a federal rule of criminal procedure, and therefore, it does not apply to final convictions. Morel argues
 
 Birchfield
 
 represents a retroactively applicable substantive rule of constitutional law.
 

 *304
 
 [¶ 13] Procedural rules raise the possibility that someone convicted with use of an invalidated procedure may have otherwise been acquitted.
 
 Summerlin
 
 ,
 
 542 U.S. 348
 
 , 352,
 
 124 S.Ct. 2519
 
 ,
 
 159 L.Ed.2d 442
 
 (2004). These rules regulate only the manner of determining a defendant's culpability.
 

 Id.
 

 at 353
 
 ,
 
 124 S.Ct. 2519
 
 . Accordingly, procedural rules generally do not apply retroactively because they merely provide a "speculative connection to innocence."
 

 Id.
 

 at 352
 
 ,
 
 124 S.Ct. 2519
 
 .
 

 [¶ 14] Alternatively, substantive rules include decisions that narrow the scope of a criminal statute and place a particular conduct beyond a state's power to punish.
 

 Id.
 

 Substantive rules are generally applied retroactively because they carry a significant risk that a defendant stands convicted of an act the law does not make criminal or faces punishment the law cannot impose on him.
 

 Id.
 

 [¶ 15] Other states have addressed the retroactivity issue and reached opposite results. New Mexico recognized
 
 Birchfield
 
 announced a new rule of substantive constitutional law.
 
 See
 

 New Mexico v. Vargas
 
 ,
 
 2017-NMSC-029
 
 , ¶ 12,
 
 404 P.3d 416
 
 (concluding the rule announced in
 
 Birchfield
 
 "fits squarely within the first
 
 Teague
 
 exception to the general principle against retroactive application because the new rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe"). Minnesota recognized
 
 Birchfield
 
 announced a new rule of criminal procedure not subject to retroactivity.
 
 See
 

 Johnson v. Minnesota
 
 ,
 
 906 N.W.2d 861
 
 , 866-67 (Minn. Ct. App. 2018),
 
 review granted
 
 (Minn. Feb. 28, 2018) (No. A17-0842, A17-0883), (concluding the rules announced in two Minnesota Supreme Court opinions based on
 
 Birchfield
 
 were procedural because they merely modified the procedure law enforcement must follow before administering a chemical test, and did not categorically prohibit prosecutions for test refusal).
 

 [¶ 16] We conclude the rule announced in
 
 Birchfield
 
 is substantive. To determine whether a rule is substantive or procedural under
 
 Teague
 
 , the analysis turns on the function of the rule, not whether the constitutional right underlying the new rule is substantive or procedural.
 
 Welch v. United States
 
 , --- U.S. ----,
 
 136 S.Ct. 1257
 
 , 1265-66,
 
 194 L.Ed.2d 387
 
 (2016).
 

 [¶ 17] In
 
 Welch v. United States
 
 , the United States Supreme Court determined, in a similar situation, that the holding at issue constituted a substantive rule requiring retroactive application.
 

 Id.
 

 at 1265
 
 . The petitioner in
 
 Welch
 
 was convicted under the Armed Career Criminal Act, which included a residual clause expanding the definition of a "violent felony" to any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another."
 

 Id.
 

 at 1261
 
 . The Supreme Court held the residual clause void because it was unconstitutionally vague.
 

 Id.
 

 at 1262 (
 
 citing
 

 Johnson v. United States
 
 , --- U.S. ----,
 
 135 S.Ct. 2551
 
 , 2560,
 
 192 L.Ed.2d 569
 
 (2015) ). The Supreme Court concluded that because the residual clause was invalid, it could "no longer mandate or authorize any sentence."
 
 Id.
 
 at 1265. "[E]ven the use of impeccable factfinding procedures could not legitimate a sentence based on [the invalid] clause."
 
 Id.
 
 (quotations omitted). Accordingly, the Supreme Court determined the rule was substantive because the rule changed the substantive reach of the Act by altering the range of conduct or the class of persons the Act punishes.
 
 Id.
 
 The Supreme Court further explained the rule was not procedural because it "had nothing to do with the range of permissible methods a court might use to determine
 
 *305
 
 whether a defendant should be sentenced under the ... Act."
 
 Id.
 
 The Supreme Court vacated the criminal judgment and remanded for further proceedings.
 
 Id.
 
 at 1268.
 

 [¶ 18] Similarly, here, the
 
 Birchfield
 
 rule is not procedural because it has nothing to do with the range of permissible methods a court might use to determine whether an individual may be prosecuted for refusing to submit to a warrantless blood test. The
 
 Birchfield
 
 decision held unconstitutional the imposition of criminal penalties for refusing to submit to a warrantless blood test as provided in N.D.C.C. § 39-20-01(3)(a), effectively altering the range of conduct the law punishes. Before
 
 Birchfield
 
 , and as happened to Morel, an individual could be criminally prosecuted for refusing a warrantless blood test. After
 
 Birchfield
 
 , the State has no authority to punish an individual for that same conduct. Therefore, the
 
 Birchfield
 
 rule is substantive.
 
 See
 

 Summerlin
 
 ,
 
 542 U.S. 348
 
 , 352,
 
 124 S.Ct. 2519
 
 ,
 
 159 L.Ed.2d 442
 
 (2004) (recognizing substantive rules include decisions that narrow the scope of a criminal statute and place a particular conduct beyond a state's power to punish). Accordingly, the third prong of the test for retroactive application is satisfied.
 

 IV
 

 [¶ 19] We reverse the district court order denying Morel's application for post-conviction relief and remand with instructions that the district court vacate the criminal judgment.
 
 See
 

 Nelson v. Colorado
 
 , --- U.S. ----,
 
 137 S.Ct. 1249
 
 , 1252,
 
 197 L.Ed.2d 611
 
 (2017) (holding a state is obliged to refund fees, court costs, and restitution exacted from a defendant upon the invalidation of a criminal conviction).
 

 [¶ 20] Gerald W. VandeWalle, C.J.
 

 Jerod E. Tufte
 

 Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen