# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2023 ND 243

Russell Wayne Everett Jr.,                                    Petitioner and Appellant

v.

State of North Dakota,                                    Respondent and Appellee

### No. 20230192

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Daniel J. Borgen, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Samuel A. Gereszek, Grand Forks, ND, for petitioner and appellant.

Julie A. Lawyer, State's Attorney, Bismarck, ND, for respondent and appellee.

**Everett v. State**
**No. 20230192**

**Crothers, Justice.**

[¶1]   Russell Everett, Jr. appeals from a district court's order dismissing his application for post-conviction relief. Everett argues the court failed to serve him with two orders in his first post-conviction relief proceeding and the failure to serve these orders denied him the right to appeal. He also claims that his ultimate discovery of those orders constitutes newly discovered evidence, and that he received ineffective assistance of counsel on direct appeal. We affirm.

I

[¶2]   Everett was found guilty of two counts of gross sexual imposition and was sentenced to two life sentences with parole. Everett appealed his conviction and this Court affirmed. *State v. Everett*, 2018 ND 162, ¶ 1, 913 N.W.2d 774. On March 29, 2018, Everett filed for post-conviction relief arguing the witness's family coerced the witness's testimony, newly discovered evidence existed that would overturn his underlying conviction, he received ineffective assistance of counsel at trial, and the victim-witness violated his right to a fair trial by not attending the trial.

[¶3]   On April 13, 2018, the State moved to summarily dispose of Everett's application for post-conviction relief because the alleged new evidence was found during trial and Everett failed to meet the *Strickland* standard for ineffective assistance of counsel. The district court denied Everett's application on May 7, 2018. Neither the order nor a notice of entry of the order was served on Everett.

[¶4]   On May 9, 2019, Everett filed a motion to amend his first application for post-conviction relief and for leave to file supplemental pleadings. The district court denied the motion because Everett did not have the "legal authority to modify or amend a petition that has already been dismissed." On July 17, 2019, the court mailed this second order to Everett. *See* N.D.R.Civ.P. 5(b)(3)(C).

[¶5] On January 23, 2023, Everett filed a second application for post-conviction relief, this time alleging that his learning about the order dismissing his application for post-conviction relief and the order denying modification of his first application are newly discovered evidence, and that he received ineffective assistance of counsel on his direct appeal. The State answered and requested summary dismissal of Everett's application. The court summarily dismissed Everett's second post-conviction relief application.

## II

[¶6] "Postconviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Bridges v. State*, 2022 ND 147, ¶ 5, 977 N.W.2d 718. "Questions of law are fully reviewable on appeal of a post-conviction proceeding." *Chatman v. State*, 2018 ND 77, ¶ 6, 908 N.W.2d 724. This Court has held that, "when a court dismisses an application on its own motion, it is analogous to dismissal of a complaint for failure to state a claim upon which relief can be granted under N.D.R.Civ.P. 12(b)(6)." *Burden v. State*, 2019 ND 178, ¶ 13, 930 N.W.2d 619. An appeal from a summary disposition under N.D.R.Civ.P. 12(b)(6) requires this Court to construe "the application in the light most favorable to the applicant and accepts the well-pleaded allegations as true." *Id.* at ¶ 14. This Court will affirm "a dismissal for failure to state a claim if it would be impossible for the applicant to prove a claim for which relief can be granted." *Id.*

## III

[¶7] Everett argues the district court's two unserved orders denying his initial application for post-conviction relief constitute newly discovered evidence. He argues that the new evidence permits him to make this second application for post-conviction relief after the two-year statute of limitations expired.

[¶8] A claim for post-conviction relief must be brought within two years of the underlying conviction becoming final. N.D.C.C. § 29-32.1-01(2). An applicant can bring the claim within two years from when the evidence is discovered or reasonably should have been discovered. N.D.C.C. § 29-32.1-01(3)(b). To qualify

as newly discovered evidence, the information must relate to the underlying conviction and must establish "the petitioner did not engage in the criminal conduct for which the petitioner was convicted." N.D.C.C. § 29-32.1-01(3)(a)(1).

[¶9]   This Court has stated:

> "A conviction becomes final when (1) the time for appeal of the conviction to this Court expires; (2) if an appeal was taken to this Court, the time for petitioning the United States Supreme Court for review expires; or (3) if review was sought in the United States Supreme Court, the date the Supreme Court issues a final order in the case. N.D.C.C. § 29-32.1-01(2)."

*Morel v. State*, 2018 ND 141, ¶ 10, 912 N.W.2d 299. Everett's conviction became final 90 days after his first appeal of the underlying criminal conviction or October 9, 2015. U.S. Sup. Ct. R. 13(1); N.D.C.C. § 29-32.1-01(2). An application for post-conviction relief can be filed after the two years run if newly discovered evidence establishes the petitioner did not engage in the conduct relating to the original conviction. N.D.C.C. § 29-32.1-01(3)(a)(1).

[¶10] Everett's claimed newly discovered evidence relates to his first application for post-conviction relief, which fails to meet the legal test because it does not relate to Everett's criminal conduct or establish that he did not engage in conduct leading to the underlying conviction. N.D.C.C. § 29-32.1-01(3)(a)(1). Thus, Everett's second application for post-conviction relief was untimely and the district court did not err by dismissing his claim.

IV

[¶11] Everett alleges the district court erred by dismissing his claim that his appellate counsel was ineffective. Everett had two years to file the post-conviction relief claim for ineffective assistance of counsel. His conviction became final on October 9, 2018. His ineffective assistance of counsel claim was made on January 23, 2023. The intervening period is more than two years and no exception to the statute of limitations applies. Therefore, Everett's claim for ineffective assistance of counsel was filed after the statute of limitations expired, and the district court did not err in dismissing the claim.

3

## V

[¶12] Everett's remaining arguments are either unnecessary to our decision or without merit. The district court's dismissal of Everett's application for post-conviction relief and ineffective assistance of counsel are affirmed.

[¶13] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr